**R. E. RAGLAND et al., Appellants,**

**v.**

**Violet Richardson LOWE, Appellee.**

**No. 15645.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 7, 1955.

Rehearing Denied Nov. 4, 1955.

Joe F. Orr and Richard Owens, Fort Worth, for appellants.

Carl W. Goerte, Martin & Moore, and Elvin E. Tackett, Fort Worth, for appellee.

RENFRO, Justice.

Appellee Violet Richardson Lowe recovered from the defendants, R. E. Ragland, J. W. Ragland, Buster Farmer et ux., O. H. Skinner et ux., and J. D. Cook, an undivided one-fourth interest in several tracts of land aggregating more than 600 acres.

By agreement, the appeal of Farmer and wife has been dismissed. The other named defendants are appellants herein.

J. W. Lowe died in 1919, leaving a will devising to his nephew Emmett Francis King Lowe a life estate in the properties involved in this appeal, with provision that upon the death of Emmett Francis King Lowe the property should descend to the heirs of the body of the said Emmett Francis King Lowe, and further providing that if after the death of Emmett Francis King Lowe any of his children, heirs of his body, should die leaving no descendants, then the share of such child so dying should become the property of such descendants of Emmett Francis King Lowe as might be living at the time of the death of such child.

The fifth paragraph of the will provided that his wife, Ellen Lowe, should have full control, management and disposition of all the property of every kind or character whatsoever referred to and mentioned in the will, as long as she should live.

Part of the property was separate property of the testator and part was community property of the testator and his surviving wife, Ellen Lowe. Ellen Lowe elected to take under the will and resided on the land until her death in 1945. The evidence shows that Emmett Francis King Lowe was a "double" nephew of the testator and Ellen. Thomas Emmett Lowe and John Francis Lowe were sons of Emmett Francis King Lowe. Emmett Francis King Lowe died February 10, 1949. John Francis Lowe, who married appellee, Violet Richardson Lowe, on August 27, 1935, died intestate and childless on March 10, 1946. Thomas Emmett Lowe survived both his father and his brother and was still alive as of the date of the trial.

On May 22, 1933, Ellen Lowe executed and had recorded three instruments designated deeds, in which she conveyed to Emmett Francis King Lowe, Thomas Emmett Lowe and John Francis Lowe 106 acres of land each, for life, with the remainder over to the heirs of each grantee's body. In each of said deeds the grantor stated that the deeds were not to become operative until the death of the grantor and that she reserved the right to use, manage, control and dispose of said lands until her death and at her death said life estates should pass to the survivors, share and share alike; that if either Thomas Emmett Lowe or John Francis Lowe left surviving them no children, said land should pass in fee simple to the children of the other.

On April 7, 1942, Ellen Lowe executed a deed describing all of the land mentioned in J. W. Lowe's will to Emmett Francis King Lowe for life, with remainder in fee

to Thomas Emmett Lowe and John Francis Lowe. This deed contained the following provision: "It is specifically provided, however, that this conveyance is subject to the conveyances and provisions therein of three deeds which I executed on May 22, 1933, and which are recorded in Vol. 1323, pages 127, 128 and 130, Deed Records of Tarrant County, Texas."

Ellen Lowe died in 1945.

At various dates from March 13, 1947, to January 4, 1951, Thomas Emmett Lowe, by separate conveyances, sold the land involved to the named defendants.

The trial court found that the three deeds of 1933 were not effective as deeds but that Ellen Lowe intended that they be a part of her will and be effective only as a part of her will. The court found that the 1942 instrument was intended as a deed and that she did not reserve unto herself the right to dispose of the land therein described during her lifetime. It was further found that the 1942 deed was a deed of gift and that it was delivered to the grantees. The court concluded that by the terms of the J. W. Lowe will Ellen Lowe was granted a life estate in the property, with the power to dispose of it during her lifetime; that the three 1933 deeds were not intended by her as deeds and nothing passed by virtue of same; that the 1942 deed executed by Ellen Lowe conveyed all the land described in J. W. Lowe's will, with remainder in fee, share and share alike, to John Francis Lowe and Thomas Emmett Lowe and was effective as such. Whereupon, the court granted judgment for appellee, as above indicated.

The trial court's findings of fact and conclusions of law occupy eighteen pages of the transcript. We have tried to condense the facts to those pertinent to the points on appeal.

The appellants attack the judgment because, they urge, the 1942 deed conveyed nothing since Ellen Lowe, the grantor, did not purport to act under the will of J. W. Lowe and the deed of gift was ineffective; that the 1942 deed was subject to the provisions of the three 1933 deeds, and appellee, under the 1942 deed, took subject to said 1933 deeds; that appellee showed no delivery or acceptance of the 1942 deed; that the appellants, except O. H. Skinner, showed a three year limitation title; and that there is no reasonable or legal hypothesis upon which appellee can base a claim of any interest in such land.

It will be noted that the will of J. W. Lowe gave Ellen Lowe the sole right to control, manage and dispose of the property of every kind. No limitation was placed on her authority to make disposition of all the property. She was not required to give an accounting to the named beneficiaries; neither was she restricted to the right to "sell" the property. In other words, she was, to all intents and purposes, given a life estate in all of the described property with unlimited authority to dispose of same. "'No particular form of words is necessary to create a life estate.' * * * it may be said that an estate of this character is created by a deed or will where the language of the instrument manifests an intention on the part of the grantor or testator to pass to a grantee or devisee a right to possess, use or enjoy property during the period of his life." 28 Tex.Jur., p. 54, sec. 4. The unlimited authority J. W. Lowe gave his wife to manage, control and dispose of the property as long as she lived was, in effect, the same as if he had said, "I give my surviving wife a life estate." The estate in the nephews then was subject to the power of disposition expressly conferred upon Ellen Lowe by the terms of the will. Medlin v. Medlin, Tex.Civ.App., 203 S.W.2d 635; Feegles v. Slaughter, Tex.Civ.App., 182 S. W. 10. She having in the 1942 deed "exercised the power conferred upon her, through whatsoever motive, or upon whatsoever consideration, their (the nephews') contingent right was forever cut off, when it was once exercised; * * *." Hanna v. Ladewig, 73 Tex. 37, 11 S.W. 133, 135. See also Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876; Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823, 158 A.L.R. 470; North v. North, Tex.Civ.App., 2 S.W.2d 481.

So it is our conclusion that Ellen Lowe did have the right to make a conveyance as evidenced by the 1942 deed as to the property actually conveyed therein. We overrule the appellants' first point of error.

 We are not in accord with the trial court's conclusion, however, that the 1942 deed conveyed all the lands described in paragraph three of the will of J. W. Lowe. As heretofore set out, the 1942 deed specifically referred to the 1933 deeds by date and recordation and specifically provided "that this conveyance (the 1942 deed) is subject to the conveyances and provisions therein of three deeds which I executed * * *" and then follows the date and recordation of the 1933 deeds. Irrespective of whether or not the 1933 deeds were effective as such, the 1942 deed was expressly made subject to them. " 'A person cannot accept and reject the same instrument, or, having availed himself of it as to part, defeat its provisions in any other part; and this applies to deeds, wills, and all other instruments whatsoever.' " Doty v. Barnard, 92 Tex. 104, 47 S.W. 712, 714; see also W. T. Carter & Bro. v. Davis, Tex.Civ.App., 88 S.W.2d 596; Gulf Production Co. v. Continental Oil Co., 139 Tex. 183, 132 S.W.2d 553.

 In the 1933 deeds, Ellen Lowe had reserved to herself the right to dispose of said three 106 acre tracts during her lifetime. The court found that the description of the three tracts was adequate but gave no effect to them because of his belief that they were testamenary in character only. Even though they were testamentary in character only, nevertheless, she expressly reserved the right in the 1933 deeds to dispose of said three tracts during her lifetime and in the 1942 deed the grantees took subject to the 1933 deeds, for such provision was plainly written into the 1942 deed. It seems to us the only reasonable explanation for the provision in the 1942 deed was to reserve from said deed the three 106 acre tracts therein mentioned. So she did not dispose of said tracts during her lifetime. Therefore, said three

106 acre tracts vested, at the death of Ellen Lowe, in Thomas Emmett Lowe and John Francis Lowe, subject to the life estate of their father, under the terms of the will of J. W. Lowe. They did not pass to the grantees in the 1942 deed. As previously pointed out, under the Lowe will, if either nephew died childless, his interest was to vest in the remaining nephew or his surviving children. So no interest vested in appellee as to the three 106 acre tracts at the time of John Francis Lowe's death.

That portion of the judgment awarding appellee an undivided one-fourth interest in the three 106 acre tracts, in so far as said tracts are involved in this appeal, is reversed and rendered that appellee take nothing.

The court found that the 1942 deed was executed on April 7, 1942, and that the grantor had it properly recorded; that there is no evidence as to whether or not it was actually ever handed over to any of the grantees by Ellen Lowe, except that grantee Tommy Lowe never saw such deed prior to the death of Ellen Lowe. The court found that the deed was delivered and accepted by the grantees since the recording was prima facie evidence thereof.

 Although John Francis Lowe, under whom appellee claims, lived until 1946, the record is silent as to whether or not he accepted said deed. It was held by the Supreme Court in Taylor v. Sanford, 108 Tex. 340, 193 S.W. 661, 662, "As a rule of reason and common sense, a delivered instrument plainly amounting to a deed of gift should operate by a presumed assent until a dissent or disclaimer appears." It is our opinion that the court's finding that the deed was delivered and accepted must stand on the prima facie showing of the recording. Texas Land & Mortgage Co. v. Cohen, 138 Tex. 464, 159 S.W.2d 859; Clegg v. Brannan, 111 Tex. 367, 234 S.W. 1076; Caldwell v. Tucker, Tex.Civ.App., 246 S.W.2d 923.

The point of error is overruled.

 We also overrule the contention that the appellee's claim is barred by the

three year statute of limitation, Vernon's Ann.Civ.St. art. 5507. The various deeds by Thomas Emmett Lowe conveyed only the right, title and interest which he had in and to the land conveyed. The 1942 deed did not convey to Thomas Emmett Lowe more than a one-half interest in the property. The 1942 deed did not restrict inheritance to lineal descendants. Thomas Emmett Lowe was without legal power to convey more than his one-half interest in the property. The trial court's judgment that the three year limitation does not apply is supported by Burnham v. Hardy Oil Co., 108 Tex. 555, 195 S.W. 1139; Abbott v. Gulf Production Co., Tex.Civ.App., 100 S.W.2d 722.

We feel that what we have heretofore said disposes of the appellants' last contention, namely that there is no legal or reasonable hypothesis upon which appellee can claim an interest in any of the land. Under the will of J. W. Lowe, Ellen Lowe had power to dispose of the land and she did so dispose of it in 1942 except as to the three 106 acre tracts heretofore discussed.

By cross appeal the appellee contends she was entitled to the one-half fee simple remainder interest created in John Francis Lowe by the 1942 deed of Ellen Lowe and the court erred in awarding her only an undivided one-fourth interest.

The trial court found that although the 1942 deed recited a "valuable consideration", actually there was no consideration paid for it by any of the grantees but that whatever interest was passed to the grantees therein was intended as a gift. His finding has support in the record.

Since the court found that the 1942 deed was a gift to John Francis Lowe and John Francis Lowe died intestate leaving no child, the court correctly applied Article 2571, Vernon's Civil Statutes, which provides that in such instances the surviving husband or wife shall be entitled to one-half of the lands of the intestate. Since, under the 1942 deed, John Francis Lowe was given a one-half interest in the land,

except for that described in the 1933 deeds, the court correctly held that appellee was entitled as the surviving wife of John Francis Lowe to a one-fourth interest in the land actually conveyed by the 1942 deed.

Appellee's counterpoint is overruled.

The judgment of the trial court is reversed and rendered in part and affirmed in part, as above set out.

The cost of appeal is adjudged one-half against appellee and one-half against the appellants.