GARWOOD, Justice.
This is a title suit for a half interest in something over 600 acres of land brought by our petitioner, Mrs. Violet Lowe, claiming that interest as heir of her husband, John Francis Lowe, who died intestate and without descendants in 1946. The defendants (Ragland et al., who are also petitioners here) claim the property under grants from Thomas E. Lowe, brother of the plaintiff’s said deceased husband. Both sides deraign title ultimately from J. W. Lowe and wife Ellen. The two latter, who were respectively the great-uncle and great-aunt of the two mentioned brothers, owned the property in community and died testate in 1919 and 1945, respectively.
Various law questions are involved, but as will hereinafter more fully appear, the controversy turns principally upon certain provisions of the will of the great-uncle, J. W., in favor of the two brothers (John Francis and Thomas E.), their father, Emmett F. K. Lowe, and the surviving great-aunt, Ellen, as well as upon four certain deeds, or purported deeds, made by Ellen after the death of J. W. — three of them contemporaneously on May 22, 1933, and one in 1942 — in favor of her said nephew, Emmett F. K. Lowe, and the two brothers *670 or great-nephews. The community ownership of J. W. and Ellen is not as such controlling, since there now seems to be no question about the trial court’s finding that the will of J. W. purported to dispose of Ellen’s community half and that she elected to take under it, although thereafter indicating ignorance of the legal effect of her action. It appears to be also undisputed at this stage of the case that the will of Ellen, dated on the same day as her three above-mentioned 1933 deeds, is without determinative effect, since by reason of one or more of the other instruments above mentioned, any right she might have had in the property ceased prior to, or upon, her death in 1945.
The will of J. W. Lowe contained provisions devising the property to the nephew, Emmett F. K. Lowe, for life, with a remainder, which, for all practical purposes here, may be described as one of the descendants of Emmett, who should be living at Emmett’s death. Since Emmett lived until 1949, and his son John Francis thus predeceased him by three years and left no descendants, the remainder as to John Francis failed, and John Francis thus had no interest which the plaintiff might inherit as his widow, unless he had meanwhile acquired an interest otherwise than by the will.
In this latter connection, however, the will of J. W. also provided that: “Should my wife, Ellen Lowe, survive me, then she shall have full control, management and disposition of all property of every kind, or character whatsoever herein, above referred to, mentioned and described, as long as she shall live.” '(Emphasis supplied.)
The above-mentioned three 1933 deeds of Ellen purported to exercise the power of “disposition” last above quoted and respectively to convey particular tracts of 106 acres each, or a total of 318 acres, out of the total property in question. Each 1933 deed referred to its corresponding 106 acre tract by informal description, which is now questioned for sufficiency. Each recited a consideration of “one dollar” and “love and affection” and respectively purported to grant to the nephew, Emmett, and to each of the two great-nephews an estate for life in the particular tract conveyed to each, with remainder to the heirs of the body of the particular grantee and a special provision in favor of each nephew in case the other should die leaving no descendants. Each deed also contained the following provision:
“It is understood that this conveyance — does not become operative until death of grantor, grantor herein reserving the right to use, manage, control and dispose of said lands until her death” (Emphasis supplied.)
Thereafter,' and while the plaintiff’s husband John Francis was still living, Ellen executed the above-mentioned 1942 deed. Reciting, as to consideration, only the words “for valuable consideration”, and reserving a life estate in the grantor, it purports by the granting clause to convey all of the property in suit (thus including the three 106 acre tracts purportedly conveyed in 1933) to the nephew, Emmett, for life, with absolute remainder in fee to John Francis and his brother Thomas E. Immediately following the description of the land, it contained the following clause:
“It is specifically provided, however, that this conveyance is subject to the conveyances and provisions therein of three deeds which I executed on May 22, 1933, and which are recorded in — ” (giving record data).
The trial court, sitting without a jury, and upon elaborate findings, awarded the plaintiff, Violet, half of her claimed half interest in the total property in suit. It thus held that she was in no event entitled to the full half claimed, since any interest of her husband, John Francis, was acquired by gift and accordingly became his separate estate, but that, while his death in 1946 without descendants eliminated him *671 as a devisee under the will of his great-uncle, he had acquired an absolute remainder half interest by Ellen’s 1942 deed, Ellen being empowered by the above-quoted provision of the will to make this disposition of the property during her life. As to the 1933 deeds, the court held that, although the descriptions were sufficient under the circumstances in evidence, the deeds were yet invalid by reason of their foregoing language of testamentary character and that the above-quoted reference to them in the 1942 deed did not except from the grant of the latter the three 106 acre tracts otherwise included.
Upon appeal by the defendants and cross-appeal by the plaintiff, Violet, the Court of Civil Appeals, 283 S.W.2d 280, sustained the views-of the.trial court, except as to the effect of the 1933 deeds. As to them it held that, although they were, indeed, void as testamentary, the reference to them in the 1942 deed amounted to an exception of the three corresponding tracts totaling 318 acres, which accordingly did not pass under the 1942 deed but, being affected by no valid deed, passed under the will of the great-uncle and thus, upon the deaths of the great-aunt, Ellen, in 1945, and the nephew, Emmett, in -1949, belonged entirely to Thomas E., John Francis having meanwhile died childless. ■ The obvious effect of this holding was substantially to reduce the plaintiff's recovery by eliminating any interest on the part of her deceased husband, John Francis, and herself in the 318 acres, and it was on this question that her application for writ of error was granted, the application of the defendants being granted because of the granting of the former.
Our action on the plaintiff's application, of course, assumes that the above-quoted provision of the will of J. W. Lowe empowered Ellen to alienate, by gift and otherwise, the entire property in question, since the plaintiff could have no possible claim to any part of the property, unless under the 1942 deed, which in turn depends on Ellen’s power of “disposition” under the will. We will refer in more detail to this power later on in connection with the application of the defendants. Our action likewise assumes that the 1933 deeds were correctly held void as testamentary— an assumption which neither side seems • seriously to dispute.
There is, indeed, some logic in the view that, since the phrase “subject to” means ordinarily “subordinated to” or “without prejudice to”, the acceptance of a deed containing such a reference to an earlier deed that turns out to be void is merely an acceptance “subject to nothing”. And the general rule stated -in cases such as Gulf Production Co. v. Continental Oil Co., 139 Tex. 183, 132 S.W.2d 553, 572, 164 S.W.2d 488, that an ineffective instrument may yet have some effect on a later valid instrument which refers to it, does not mean that the reference will necessarily have effect in every case. Moreover, in considering an instrument such as the 1942 deed, which was evidently drawn by a person with some experience in conveyancing, one is inclined to wonder if an exception were intended of the tracts included in the earlier deed, more apt language than “subject to” was not used. There is also a possibility that the grantor, having doubts about the validity of the 1933 deeds, wanted to convey the same land, and with a warranty, by the 1942 deed, yet also wanted to protect herself from warranty liability in case the earlier deeds should be valid, and used “subject to” for the accomplishment of this double purpose.
On the other hand, the transactions being. intended as family gifts from the same grantor to the same grantees, it is rather speculative to assume that the grantor was so concerned about a possible liability fof nominal damages under her warranties that she felt it necessary to protect herself by a special provision in this behalf, and if she did not, the only purpose of inserting the “subject to” provision would have been to exempt the 318 acres in question *672 from the operation of the 1942 deed. That the latter was her real purpose is also indicated by the fact that the 1933 deeds, unlike that of 1942, purported to create only limited estates in the grantees, and perhaps also by the words “subject to the conveyances and provisions therein of three deeds”, which would normally be considered somewhat unusual coming from an experienced scrivener. This latter language suggests not only that the earlier deeds were in 1942 considered to be valid, but also that there was a special intent at that time to preserve the limitation of the earlier deeds as regards the particular property dealt with in the latter. While an experienced scrivener might well have used better words to state an exception, so also might he well have avoided the language actually used, unless an exception was in fact intended.
In any event, we agree with what was apparently the theory of the Court of Civil Appeals, to wit, that the grantees in the 1942 deed, by accepting it with the “subject to” language, assumed an obligation to respect the earlier deeds and cannot now be heard to urge their invalidity. Such is the rule in this state where a grantee purchases land “subject to” a void mortgage. Although the mortgage, being void, entails no risk of a deficiency judgment on the part of the grantor-mortgagor, and the .practical result of the rule is simply to keep the grantee from getting a better bargain than perhaps he thought he was getting or to cause the grantor-mortgagor to have a less favorable bargain than conceivably he might have made with the grantee, the latter is yet held to have contracted an obligation to respect the mortgage which he will not be heard to repudiate. McMullan v. San Antonio Joint Stock Land Bank, Tex.Civ.App., 78 S.W.2d 669, wr. of er. refused; J. P. Wooten Motor Company v. First Bank of Swenson, Tex.Com.App., 281 S.W. 196; Rice-Stix Dry Goods Company v. First National Bank, Tex.Com.App., 231 S.W. 386.
We find no essential distinction between the mortgage rule and the case at bar. The words “subject to” are the same in each instance, and, if they can import an obligation on the part of the grantee in the one, so can they in the other. The difference between an outstanding mortgage and an outstanding deed would not seem to require that the same phrase have different meanings in the two situations. In Loeffler v. King, 149 Tex. 626, 236 S. W.2d 772, 774, we held that Loeffler, by accepting a mineral deed, prevented himself from asserting the nonexistence of a mineral lease, which we assumed to have otherwise lapsed, the deed having recited no more than that the land conveyed was “understood and herein stipulated” to be “under an Oil and Gas lease”. Conceivably acceptance of a deed “subject to” an earlier deed of the same grantor to the identical property covered by the granting clause in the later deed could not be taken as an obligation to respect the earlier deed, since otherwise the later one would be only an idle gesture; but that is quite a different case from the instant one wherein the earlier deed refers merely to part of the land covered by the later. The same distinction would doubtless apply even to the most formally worded exception.
 The plaintiff’s further point that the descriptions in the 1933 deeds were inadequate is still relevant, since deeds can in no event serve as exceptions if they describe nothing. Typical of all three descriptions is that found in one of them, to wit, “ — land located in Tarrant County, Texas, to wit: The Lowe place, or the homestead, and containing 106 acres, more or less”. Each deed also refers back to the will of J. W. and identifies the property as being included in that will as well as being property owned by J. W. and Ellen in community. There was verbal testimony that, by reason of general knowledge in the community, the three tracts could be located on the ground from their respective descriptions, although this testimony was in general terms and did not translate the *673 actual description into metes and bounds or itself furnish specific data for locating the tracts on the ground. The descriptions thus appear to furnish keys to the location of the respective tracts and are presumptively valid. As was said in Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150, 153, "The authorities of many states from an early date have held that a description of land by the particular name by which it is known in the locality is sufficient.” See also decisions such as Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222, 223, in which latter we held sufficient, “ ‘my property’ * * * ‘20.709 acres out of John Stephens 640 acre survey in Tarrant County, Texas.’ ” The agreed judgment entered in 1951 in a suit between Thomas E. Lowe and his grantee, Cook, on the one hand and, on the other, Thomas E.’s children, Pat and Thomas E., Jr., does not bind the plaintiff, Violet, as to the purported adjudication of insufficiency of the description, for at least the reason that Violet was not a party to that suit.
Notwithstanding the foregoing, however, we do not regard the combined written description and oral testimony as an adequate basis for the rendition of a final judgment at this time adjudicating the title to land. While theoretically many such judgments, however detailed and conventional their description of the lands in question, may be subject to uncertainty in that unforeseen difficulties can arise when the description is sought to be applied to the ground, the uncertainties are considerably more serious in a case like the present where the record tells us no more than what is presumably a well known name for each tract, the county in which it is located and the approximate acreage. Now a conveyance by A to B of “All my land in Tarrant County, Texas”, is undoubtedly valid; and the same description in an agreement of A to convey to B might even justify a decree for specific performance against A in the same general terms. But we can hardly imagine a judgment decreeing title and possession to a party of “all of survey X in Tarrant County, Texas, save' and except such part thereof, whatever it may be, that belonged to A on” (the date A conveyed “all my land” to B). Similarly here we find it difficult to render, for example, a judgment decreeing title in the plaintiff, Violet, to her share of the land described in the granting clause of the 1942 deed, “less, however, the Lowe place, or homestead, of approximately 106 acres, in Tarrant County, Texas, as the same shall be hereafter located on the ground by persons familiar with them”.
The case must accordingly be remanded to the trial court in order that the matter of location of the three tracts in question may be more fully developed. If the evidence should disclose that they cannot be located in spite of the present undisputed testimony to the contrary, the exception, which we have held to exist, cannot be enforced and must fail. If a definite location shall be established, judgment shall be rendered upon the basis that the three tracts are excepted from the 1942 deed with a specific decree entered accordingly.
We reject the plaintiff’s further point that Art. 4619, Vernon’s Tex.Civ.Stats., and the recital “valuable consideration” in the 1942 deed, compel, under the existing record, the conclusion that the interest thereby conveyed to the plaintiff’s husband, John Francis, became community property of the two rather than separate property of John Francis, with the result that upon his death childless, she became by virtue of Art. 2578 the owner of the entire interest conveyed rather than of half thereof under Art. 2571, which both courts below applied.
The recital in question was clearly not contractual within the meaning of the cited cases such as Collins v. Republic National Bank of Dallas, 152 Tex. 392, 258 S.W.2d 305, and was thus subject to be explained by evidence. We think the other instruments in the record, including the will of J. W. Lowe and the 1933 deeds (“love and affection”) and will of Ellen Lowe, *674 plus the close relationship of the parties as explained in those instruments, afford evidence to uphold the finding of the trial court that the 1942 deed was by way of gift to John Francis and thus characterized as his separate property the interest conveyed.
Turning now to the application of the defendants, their primary contention is that the plaintiff, Violet, should have been denied even the reduced recovery allowed by the Court of Civil Appeals, because the will of J. W. Lowe had disposed of the property which Ellen later purported to convey by her 1942 deed, and said deed cannot be upheld as an exercise of a power of alienation conferred on her by the heretofore quoted terms of the will, “ * * * shall have full control, management and disposition of all property of every kind * * *
While again we are not greatly aided by authority one way or the other, we think the power of “full * * * disposition” rather obviously means a power of alienation and one of broad scope without regard to whether it be by sale or gift. The power to “sell”, which was the subject matter of Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 169 A.L.R. 1, is no more certainly a power of alienation than is “full * * * disposition” and is so definitely narrower than the latter in respect of the kind of alienation contemplated that the decision holding the power not to include a gift is hardly persuasive in the instant case. In Chenault’s Guardian v. Metropolitan Life Ins. Co., 245 Ky. 482, 53 S.W.2d 720, the question at issue and the language of the will were both essentially different from those of the instant case, and the same is true of Van Every v. McKay, 331 Mo. 355, 53 S.W.2d 873.
Nor can we sustain the further contention that, assuming existence of the power to make a gift, it was yet not exercised by the 1942 deed. Republic National Bank of Dallas v. Fredericks, Tex., 283 S.W.2d 39, 47, in which the power in question was held not to have been exercised by the will of the donee thereof, does not support the defendants’ position. On the contrary it explains why their contention fails in the instant case. In the cited opinion we said:
“The will” (of the party exercising power) “must refer to the power of appointment or to the property subject to such power, or the donee of the power must have owned no other property to which the will could have attached * * (Emphasis supplied.)
Here Ellen obviously referred in her deed to the property subject to the power and “owned no other property” to which her deed “could have attached.” Contrary to the situation that prevailed in Hill v. Conrad, 91 Tex. 341, 43 S.W. 789, 791, it does here “appear from the instrument or from the attending circumstances” that Ellen was purporting to act under the power conferred by the will of J. W., within the rule as stated in that case.
We overrule also the point that, because the great-nephew, Thomas E., never took delivery of the 1942 deed, he was not bound by it in so far as it operated to vary the terms of the will by giving to his brother, John Francis, a half interest by way of absolute fee remainder. If the courts below were correct in their holding that there was a delivery to John Francis, and it is virtually conceded that this is so, we fail to see how title to one half failed to pass to John Francis, whether the deed was shown to have been delivered to Thomas E., or not. The cases cited for the defendants in this behalf are authority only for the general rule that deeds must be delivered in order to be effective.
We also agree with the holdings of both courts below rejecting the defendants’ defense of the three-year statute of limitations Art. 5507, Vernon’s Tex.Civ.Stats. While the facts of Burnham v. Hardy Oil Co., 108 Tex. 555, 195 S.W. 1139, are not identical with the instant situation, the same *675 principle would seem to apply, and we are cited to no authority indicating the contrary.
The judgment of the Court of Civil Appeals is modified to the extent that the case shall he remanded to the trial court for further proceedings incident to the proper location of the tracts respectively described in the 1933 deeds above mentioned, and, as so modified, is affirmed.
Costs in this Court are divided equally between the parties.
CALVERT, SMITH and WALKER, JJ., dissenting.
NORVELL, J., not sitting.