

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00302-CV

Susan Janysek **PAULER**, as Trustee of the Janysek Survivor's Trust and as Co-Trustee of the Janysek Family Mineral Trust, Richard J. Janysek, as Trustee of the Janysek Survivor's Trust and as Trustee of the 2015 Janysek Family Mineral Trust, Patrick Janysek, as Trustee of the Janysek Survivor's Trust and as Trustee of the 2015 Janysek Family Mineral Trust, Stephen M. Janysek, as Trustee of the 2015 Janysek Family Mineral Trust, Lucy Janysek Matejek, as Trustee of the 2015 Janysek Family Mineral Trust, Kathryn Janysek Kopecki, as Trustee of the 2015 Janysek Family Mineral Trust, Michael J. Janysek, as Co-Trustee of the Janysek Family Mineral Trust, Clare Janysek Smith, as Co-Trustee of the Janysek Family Mineral Trust, and Vincent G. Janysek, Jr., as Co-Trustee of the Janysek Family Mineral Trust,
Appellants

v.

**M & L MINERALS, LP**, Dorothy Moczygemba, Wilbert Lee Moczygemba, Alvin D. Moczygemba, Evelyn Michalec, Gene Moczygemba, EWIT Woelfel LP, Lori Wiatrek, Barbara Banduch, Albert Janysek, Lorraine Janysek, Deborah Arfele, Martin Jendrusch, Bernadette Jendrusch, Alan Jendrusch, Denise Jendrusch, Carol Wehlmann, Helen Malik, Carl Janysek, Donna M. Perry, Bennie J. Janysek, Concho Royalty Company, LP, Vivian Janysek, Timothy Janysek, Jarrett Janysek, and Nicholas Janysek,
Appellees

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 18-05-00124-CVK
Honorable Russell Wilson, Judge Presiding

## OPINION ON MOTION FOR REHEARING

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:    Rebeca C. Martinez, Chief Justice
            Beth Watkins, Justice
            Liza A. Rodriguez, Justice

Delivered and Filed: July 7, 2021

REVERSED, RENDERED, AND REMANDED

This appeal requires us to construe a real property deed to determine whether disputed mineral royalty interests were granted or excepted. On cross-motions for summary judgment, the trial court ruled in favor of appellees that all of the disputed royalty interests were excepted from conveyance. Thereafter, the parties waived their claims for attorney's fees, and the trial court entered a final judgment. On May 12, 2021, we reversed the trial court's judgment, rendered judgment that appellees take nothing on their declaratory judgment claim, and remanded for any further proceedings consistent with this opinion. After we issued our opinion, appellees filed a motion for rehearing, requesting that we reconsider and clarify our decision. We deny appellees' motion; however, we withdraw our opinion and judgment issued on May 12, 2021 and substitute this opinion and judgment in its place to clarify our decision to remand.

### FACTUAL BACKGROUND

In 1925, Susan and Edward Janysek acquired a 197-acre tract of land (the "Property"). In 1958, Susan and Edward Janysek conveyed a 1/4 royalty interest in the Property to a third party for ten years and as long thereafter as oil and gas is produced, and, in 1959, they conveyed a 1/8 royalty interest to another third party for ten years and as long thereafter as oil or gas is produced (collectively, the "Term Royalty Interests"). The parties agree that the Term Royalty Interests were outstanding in 1977 but have since terminated.

In 1959, Susan and Edward Janysek executed nine deeds, each conveying a 1/24 nonparticipating royalty interest to their nine children (the "1/24 Royalty Interests"). In 1977, Susan Janysek, at this time a widow, along with eight of her nine children executed the deed at issue (the "1977 Deed") in favor of Susan's ninth child, Vincent J. Janysek, and Vincent's wife, Leona B. Janysek.

The 1977 Deed states that the grantors convey: "the following described property situated in Karnes County, Texas, to-wit: All that certain tract or parcel of land [legal description of the Property]." Immediately following the description of the Property, the 1977 Deed states:

> This conveyance is subject, however, to all mineral conveyances, mineral reservations, oil, gas and other mineral leases, royalty conveyances or reservations, easements, ordinances and rights-of-way of record in the office of the County Clerk of Karnes County, Texas.

The next paragraph states:

> In addition to the above exceptions, there is reserved and excepted unto SUSAN JANYSEK, an undivided one-fourth (1/4) interest in and to all royalty paid on the production or mining of oil, gas and any and all other minerals, whether similar or dissimilar. The interest reserved unto the said SUSAN JANYSEK, shall be a non-participating royalty interest . . . . Such royalty interest is for the life of SUSAN JANYSEK, and after her death, such royalty interest shall revert to [Susan's nine children, identified by name].

The next paragraph states:

> TO HAVE AND TO HOLD the above described premises, subject to the above mentioned exceptions and reservations, together with all and singular, the rights and appurtenances thereto in anywise belonging unto the said VINCENT J. JANYSEK and wife, LEONA B. JANYSEK, their heirs and assigns, forever; and we do hereby bind ourselves, our heirs, executors and administrators, to WARRANT and FOREVER DEFEND, all and singular, the said premises, subject to the above mentioned exceptions and reservations, unto the said VINCENT J. JANYSEK and wife, LEONA B. JANYSEK, their heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

### PROCEDURAL BACKGROUND

In 2018, an oil and gas lessee interpreted the 1977 Deed to have conveyed the disputed Term Royalty Interests and the 1/24 Royalty Interests to the grantees, Vincent and Leona Janysek. The successors of the grantors (i.e., Susan Janysek and the eight other children), whom the parties refer to as the "Moczygembas,"[1] sued for a declaratory judgment that the grantors of the 1977

---

[1] The "Moczygembas" consist of the following parties, who are appellees in this appeal: M&L Minerals, LP, Dorothy Moczygemba, Wilbert Lee Moczygemba, Alvin D. Moczygemba, Evelyn Michalec, Gene Moczygemba, EWIT Woelfel LP, Lori Wiatrek, Barbara Banduch, Albert Janysek, Lorraine Janysek, Deborah Arfele, Martin Jendrusch,

Deed did not convey the disputed royalties. The successors of the grantees, whom the parties refer to as the "Janyseks,"[2] took the opposite stance that the 1977 Deed transferred the disputed royalties. Each side moved for summary judgment on the matter, and the trial court construed the 1977 Deed to determine that it excluded the disputed royalties from conveyance. The trial court's determination was reduced to a final judgment, from which the Janyseks now appeal.

### STANDARD OF REVIEW

We review a trial court's summary judgment *de novo*. *Tarr v. Timberwood Park Owners Assoc., Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). A party is entitled to summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). In reviewing a trial court's summary judgment ruling, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Knott*, 128 S.W.3d at 215. When competing summary judgment motions are filed, each movant has the burden of establishing its entitlement to judgment as a matter of law. *Tarr*, 556 S.W.3d at 278. "When both parties move for summary judgment on the same issues and the trial court grants one motion and denies the other, we consider the summary judgment evidence presented by both sides, determine all questions presented, and if we determine that the trial court erred, render the judgment that the trial court should have rendered." *Gonzalez*

---

Bernadette Jendrusch, Alan Jendrusch, Denise Jendrusch, Carol Wehlmann, Helen Malik, Carl Janysek, Donna M. Perry, Bennie J. Janysek, Concho Royalty Company, LP, Vivian Janysek, Timothy Janysek, Jarrett Janysek, and Nicholas Janysek.

[2] The "Janyseks" consist of the following parties, who are appellants in this appeal: Susan Janysek Pauler, as Trustee of the Janysek Survivor's Trust and as Co-Trustee of the Janysek Family Mineral Trust, Richard J. Janysek, as Trustee of the Janysek Survivor's Trust and as Trustee of the 2015 Janysek Family Mineral Trust, Patrick Janysek, as Trustee of the Janysek Survivor's Trust and as Trustee of the 2015 Janysek Family Mineral Trust, Stephen M. Janysek, as Trustee of the 2015 Janysek Family Mineral Trust, Lucy Janysek Matejek, as Trustee of the 2015 Janysek Family Mineral Trust, Kathryn Janysek Kopecki, as Trustee of the 2015 Janysek Family Mineral Trust, Michael J. Janysek, as Co-Trustee of the Janysek Family Mineral Trust, Clare Janysek Smith, as Co-Trustee of the Janysek Family Mineral Trust, and Vincent G. Janysek, Jr., as Co-Trustee of the Janysek Family Mineral Trust.

*v. Janssen*, 553 S.W.3d 633, 637 (Tex. App.—San Antonio 2018, pet. denied); *see also Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 852 (Tex. 2009) (rendering judgment that a plaintiff takes nothing on its declaratory judgment claim after the plaintiff and the defendants moved for partial summary judgment on the claim).

### APPLICABLE LAW

"The construction of an unambiguous deed is a question of law for the court." *Wenske v. Ealy*, 521 S.W.3d 791, 794 (Tex. 2017) (citation omitted). Our primary duty, when construing an unambiguous deed, is to ascertain the intent of the parties from all the language within the four corners of the deed. *Id.* The parties' intent "must be determined by a careful and detailed examination of the document in its entirety, rather than by application of mechanical rules of construction that offer certainty at the expense of effectuating intent." *Id.* at 795. We do not require the use of "magic words." *Id.* at 794.

### DISCUSSION

Neither party argues that the 1977 Deed is ambiguous. We agree and, accordingly, ascertain the parties' intent from the language within the four corners of the deed. *See Wenske*, 521 S.W.3d at 794; *see also Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996) (explaining that ambiguity is a question of law for the court).

In general, the parties dispute whether the 1977 Deed conveyed a reversionary interest related to the Term Royalty Interests and whether it also conveyed the 1/24 Royalty Interests. The parties focus on the phrase: "This conveyance is *subject*, however, *to* all mineral conveyances . . . of record in the office of the County Clerk of Karnes County, Texas." (emphasis added). The Moczygembas argue that the disputed royalty interests were excluded from conveyance, pursuant to this phrase, because the interests were established by earlier deeds that were recorded with the county clerk. The Moczygembas also argue that their interpretation is supported by the habendum

clause at the end of the 1977 Deed, which states that the warranty is "*subject to* the above mentioned exceptions and reservations." (emphasis added).

The Janyseks argue in response that this dispute is controlled by two recent Fourth Court cases, which construed deeds with similar "subject to" language: *Jarzombek v. Marathon Oil Company*, No. 04-18-00587-CV, 2019 WL 1547574, at *1 (Tex. App.—San Antonio Apr. 10, 2019, pet. denied) (mem. op.) and *Gonzalez v. Janssen*, 553 S.W.3d 633 (Tex. App.—San Antonio 2018, pet. denied). In each case, we found that disputed deeds did not include a reservation or exception to conveyance. While our construction of the 1977 Deed is not controlled by *Jarzombek* and *Gonzalez* because we cannot impose mechanical rules when construing deeds, we agree with the Janyseks that these cases are instructive. *See Wenske*, 521 S.W.3d at 796 (warning against application of "default rules or other mechanical rules of construction to determine [a] deed's meaning").

In *Gonzalez*, the grantees argued that the conveyances in dispute included the grantors' share of a reversionary royalty interest. *Gonzalez*, 553 S.W.3d at 636–37. The deeds in dispute conveyed "all" of the described real property "SUBJECT TO" the deed in which the reversionary royalty interest was created and "SUBJECT TO" another deed in which the reversionary royalty interest was transferred. *Id.* at 635–36. Several years after the deeds in dispute were executed, the royalty interest expired, and litigation began over ownership of the reversionary royalty interest. *Id.* We held that the "subject to" language in the disputed deeds did not act as an exception or reservation. *Id.* at. 640–41. The language in both disputed deeds indicated that the grantors intended to convey "all" of the described property. *Id.* at 639–40. The words "subject to" in the conveyance were "used in their ordinary sense [to] mean subordinate to, subservient to, or limited by." *Id.* at 640 (citing *Wenske*, 521 S.W.3d at 796). Even though the words "subject to" were not included in the habendum clause, we held that the parties intended the words only to serve the

purpose of "informing the grantees that other interests were still outstanding." *Id.*; *see Wenske*, 521 S.W.3d at 796 (explaining that the principal function of a "subject to" clause in a deed is to protect a grantor against a claim for breach of warranty when some mineral interest is already outstanding).

In *Jarzombek*, a royalty interest was held by third parties at the time the deed in dispute was executed. *See Jarzombek*, 2019 WL 1547574, at *1. The disputed deed in *Jarzombek* provided: "Such conveyance is <u>subject</u>, however, <u>to</u> all mineral conveyances, mineral reservations, oil, gas and other mineral leases, royalty conveyances, or reservations, easements, ordinances and rights-of-way of record in the office of the County Clerk of Karnes County, Texas." *Id.* The deed also provided: "In addition to the above exceptions this conveyance is <u>subject to</u> the following: . . . Four-fifths (4/5ths) royalty interest, the royalties, bonuses, rentals and all other rights described in [an earlier deed], reference to which instrument is here made for all purposes, together with all rights, express or implied in and to the property covered by this policy arising out of or connected with said interests and conveyance." *Id.*[3] The disputed deed also included a habendum clause, which specified that the warranty was "<u>subject to</u> the above set forth exceptions and reservations." *Id.* In *Jarzombek*, we reasoned that the conveyance language[4] advised the grantees that they "would not receive a fee simple[ and that] their grant was subject to the prior royalty conveyances and reservations of record, including the royalty determinable fee and possibility of reverter created by [the earlier deed]." *Id.* at *4. Nevertheless, we would not imply a reservation in favor of the grantors because a general warranty deed conveys all a grantor's interest unless a lesser conveyance is clearly shown by the language of the deed and because the grantors had not provided

---

[3] This earlier deed created the royalty interest and reversionary royalty interest in dispute. *Jarzombek*, 2019 WL 1547574, at *1.
[4] "Such conveyance is <u>subject</u>, however, <u>to</u> all mineral conveyances . . . ." *Jarzombek*, 2019 WL 1547574, at *1.

any authority to show that the language used in the deed expressly excepted or reserved the future interest created by the earlier deed. *Id.*

As in *Gonzalez* and *Jarzombek*, here, we will not imply a reservation or exception by implication when the deed does not otherwise express an intent to limit the conveyance. *See Sharp v. Fowler*, 151 Tex. 490, 494 (1952) ("Courts do not favor reservations by implication."); *Gonzalez*, 553 S.W.3d at 638 ("Both reservations and exceptions in deeds must be clear and specific.").[5]

"Deeds are construed to confer upon the grantee the greatest estate that the terms of the instrument will allow." *Gonzalez*, 553 S.W.3d at 638; *see also West 17th Resources, LLC v. Pawelek*, 482 S.W.3d 690, 695 (Tex. App.—San Antonio 2015, pet. denied) ("When courts construe deeds, there is a presumption favoring grantees over the grantor."). "A deed will pass whatever interest the grantor has in the land, unless it contains language showing the intention to grant a lesser estate." *Gonzalez*, 553 S.W.3d at 638 (citing *Sharp*, 252 S.W.2d at 154). "[M]ore specifically, a reservation of minerals to be effective must be by clear language." *Jarzombek*, 2019 WL 1547574, at *3 (citation and brackets omitted). "Exceptions, which generally are strictly construed against the grantor, must identify, with reasonable certainty, the property to be excepted from the larger conveyance." *Gonzalez*, 553 S.W.3d at 638.

The 1977 Deed does not state with any certainty that the disputed royalties are reserved or excepted from conveyance. The deed does not specifically mention the Term Royalty Interests, the 1/24 Royalty Interests, or the deeds that earlier conveyed these interests. Instead, the 1977 Deed states that it conveys: "All that certain tract or parcel of land . . . .;" it reserves one, specific

---

[5] Reservations and exceptions are not synonymous. *Gonzalez*, 553 S.W.3d at 638. "A reservation is made in favor of the grantor and creates a new right issuing out of the conveyance." *Id.* "An exception, by contrast, operates to exclude some interest from the grant." *Id.* Our analysis does not turn on whether the exclusions would be considered reservations or exceptions; therefore, we use both terms interchangeably.

reservation of a 1/4 royalty interest to Susan Janysek; and its habendum clause states that the transfer includes the Property and "the rights and appurtenances thereto."

The "subject to" clauses in the 1977 Deed do not create uncertainty as to the extent of the grant. A plain reading of the "subject to" clauses is that they serve their principal function to "protect the warranty," i.e., protect a grantor against a claim for breach of warranty when some mineral interest is outstanding. *See Wenske*, 521 S.W.3d at 796 (describing the principal function of a "subject to" clause). In fact, at the time the 1977 Deed was executed, third parties were entitled to the Term Royalty Interests, pursuant to earlier deeds.

In the absence of any specific reference to the disputed royalty interests, the Moczygembas argue that the paragraph establishing Susan Janysek's reservation in the 1977 Deed indicates that exceptions were made related to the disputed royalty interests. The paragraph establishing Susan Janysek's reservation provides:

> In addition to the *above exceptions*, there is reserved and excepted unto SUSAN JANYSEK, an undivided one-fourth (1/4) interest in and to all royalty paid on the production or mining of oil, gas and any and all other minerals, whether similar or dissimilar. (emphasis added).

The Moczygembas argue that the use of the phrase "above exceptions" signifies that the preceding paragraph, which contains a "subject to" clause, excepted the disputed royalties. However, the deed in *Jarzombek* contained a similar structure. Its fifth paragraph was a "subject to" paragraph,[6] and its sixth paragraph began: "In addition to the above exceptions this conveyance is <u>subject to</u> the following: . . . ." The sixth paragraph listed the royalty, whose reverter was the subject of dispute and referenced the deed that created the royalty interest "for all purposes." In *Jarzombek*, those paragraphs—with an actual reference to the deed that created the relevant royalty interest—

---

[6] The fifth paragraph in the deed provided: "Such conveyance is <u>subject</u>, however, <u>to</u> all mineral conveyances, mineral reservations, oil, gas and other mineral leases, royalty conveyances, or reservations, easements, ordinances and rights-of-way of record in the office of the County Clerk of Karnes County, Texas." *Jarzombek*, 2019 WL 1547574, at *1.

did not establish an exception because the language did not express "a clear intention to reserve or except" the future interest related to this royalty interest from the grant. *Jarzombek*, 2019 WL 1547574, at *4. Here, reference to the disputed royalties by the phrase "above exceptions" in connection with the "subject to" clause is tenuous at best. Unlike the deed in *Jarzombek*, the 1977 Deed does not contain a reference to the instruments that created the disputed royalty interests.[7] We cannot say that the 1977 Deed displays a clear intent of the parties to the deed to reserve or except the disputed royalty interests through the phrase "above exceptions" in reference to a "subject to" clause.[8]

Lacking support for their interpretation in the language of the deed, the Moczygembas assert: "[I]t was always the evident plan and purpose of Edward and Susan Janysek to treat their children equally in the ownership of royalty interests in their land." The Moczygembas direct us to conveyances in wills and the deeds that created the 1/24 Royalty Interests as well as royalty payments made in accord with their interpretation. The Janyseks argue that we may not consider this material under the parol evidence rule, and we agree. The parol evidence rule "prohibits a party to an integrated written contract from presenting extrinsic evidence for the purpose of creating an ambiguity or to give the contract a meaning different from that which its language imports." *URI, Inc. v. Kleberg County*, 543 S.W.3d 755, 764 (Tex. 2018) (citation omitted); *see also Dupnik v. Hermis*, No. 04-12-00417-CV, 2013 WL 979199, at *5 (Tex. App.—San Antonio Mar. 13, 2013, pet. denied) ("Courts reach the . . . step of admitting extrinsic evidence only if the

---

[7] The Moczygembas do not cite a case in which an exception or reservation of a royalty interest is allowed when there is no mention, within the deed in dispute, of the relevant interest or the deed that created the relevant interest. *Gonzalez* and *Jarzombek*, concerned deeds with "subject to" provisions that referenced previously executed and recorded deeds that created royalty interests, and even those "subject to" provisions were held not to create exceptions. *See Jarzombek*, 2019 WL 1547574, at *4; *Gonzalez*, 553 S.W.3d at 638–40. The Moczygembas cite *Lowe v. Ragland*, 297 S.W.2d 668 (Tex. 1957); however, the deed in that case states: "this conveyance is subject to the conveyances and provisions therein of three deeds which I executed on May 22, 1933, and which are recorded in . . . ." *Id.* at 670.
[8] Likewise, the phrase in the habendum clause "above mentioned exceptions and reservations" does not show an intent to create exceptions to a conveyance related to the disputed royalty interests.

grantor's intent remains unclear after the rules of construction are applied."). Because the language in the 1977 Deed is clear that it conveyed all the grantors' interests, other than a specific reservation to Susan Janysek that is not in dispute, we cannot look to extraneous evidence to contradict the deed's plain language. *See, e.g.*, *Jenschke v. Claussen*, No. 04-17-00132-CV, 2018 WL 733807, at *5 (Tex. App.—San Antonio Feb. 7, 2018, pet. denied) (applying the parol evidence rule to transactions between family members).

### CONCLUSION

The language of the 1977 Deed shows that the grantors conveyed all their interests in the Property to the grantees, other than a specifically mentioned reservation to Susan Janysek. Therefore, the trial court erred by declaring that the 1977 Deed excluded conveyances related to the Term Royalty Interests and 1/24 Royalty Interests and in granting declaratory judgment in favor of the Moczygembas, who are successor to the grantors. Accordingly, we reverse the trial court's judgment and render judgment denying the Moczygembas' request for declaratory relief. Because the Janyseks filed counterclaims that may remain outstanding after this appeal, we remand the cause to the trial court for any further proceedings consistent with this opinion.[9]

Rebeca C. Martinez, Chief Justice

---

[9] In their original answer, in a section entitled "Affirmative Defenses and Claims," the Janyseks state that they "seek judgment of the Court declaring the rights, status, and other legal relations of the parties." The Janyseks further state: "Specifically, but not in limitation, [the Janyseks] seek declaratory judgment upholding and confirming their royalty interests in the property or properties at issue in this proceeding, and, in particular, their entitlement to royalties." The trial court denied these requests in its final judgment when it declared that the Moczygembas were owners of the disputed royalty interest and concluded: "All relief not expressly granted herein is denied. This is a final judgment." *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree."). On appeal, the Janyseks have not requested specific declarations as to their ownership interests in the disputed royalty interests, and they have not directed us to competent evidence in the record to support declarations regarding individual Janysek appellants' ownership stakes in the disputed interests. Therefore, we render only a take-nothing judgment on the Moczygembas' request for declaratory relief, and we do not render any specific declarations in favor of specific Janysek appellants. In their conclusion and prayer in their brief on appeal, the Janyseks request a remand as an alternative disposition. Therefore, to the extent that any of the Janysek appellants wish to pursue specific declarations by their counterclaims, we remand the cause to the trial court for further proceedings on these counterclaims consistent with this opinion. *See Cuanto Antes Mejor, L.L.C. v. EOG Res., Inc.*, No. 04-19-00691-CV, 2021 WL 2211453, at *2 (Tex. App.—San Antonio June 2, 2021, no pet. h.) (mem. op.) ("When the mandate effectuating our opinion and judgment issued, it made Cuanto's title-dependent claims live again but did not resolve them.").