ELIZABETH GIBONY ET AL. V. J. C. HUTCHESON ET AL.

Decided March 9, 1899.

1. Will—Election by Widow.

A provision in the will of a husband that after the death of his wife, who is given a life estate in all the property, the executor, if necessary, shall rent out the farm for the purpose of raising money to pay the legacies, does not evince an intention to devise the farm, which was community property, as an entirety so as to put the widow to election whether she will accept the life estate in the entire tract or renounce the will and retain her one-half community interest.

2. Same—Life Tenant with Absolute Power of Disposition.

Where a wife takes under the husband's will an absolute life estate in the property, with power to manage, sell, and dispose of the fee for her own benefit, she has not the right to dispose of the property merely for the purpose of defeating the rights of the residuary legatees and devisee under the will.

3. Evidence of Parties—Transactions with Decedent.

A widow who took a life estate under her husband's will with power to sell the the property for her own benefit, but not for the fraudulent purpose of disappointing the residuary devisees and legatees, is not inhibited by the statute from testifying adversely to a legatee, in an action against her as executrix and her grantee to cancel the deed executed by her, that the land was purchased by her with her separate money derived from the income of the property devised to her for life. Rev. Stats., art. 2302.

4. Same—Statute Does Not Include Action by Legatee.

The inhibition, article 2302 of the Revised Statutes, against parties testifying to any transaction with the decedent in actions by or against his heirs or legal representatives does not extend to legatees.

APPEAL from Grimes. Tried below before Hon. J. N. SMITHER.

*J. Earl Preston* and *W. W. Meachum,* for appellants.

*Hutcheson, Campbell & Myer,* for appellees.

GARRETT, CHIEF JUSTICE.—On December 31, 1857, John Gibony died testate in Grimes County, leaving an estate consisting of real and personal property and slaves. Elizabeth Gibony, his surviving wife, and James B. Stephenson were appointed executors of the will, which provided for the administration of the estate independent of the control of the county court. The will was probated by the executors, who qualified and filed an inventory showing as part of the property of the estate a tract of 300 acres of land situated in Grimes County and a land certificate for one-third of a league, which was afterwards located in Haskell County, and after deducting the locator's share is the 931 acres mentioned in the petition and evidence. Among others were the following clauses in the will:

"Item second. To my beloved wife, Elizabeth Gibony, I will and bequeath during the term of her natural life all the property which I may die possessed, of whatever name and description and be the same in possession, expectancy, reversion, or remainder, to have and to hold all the same during her life. And I do hereby declare that I wish and will that

she control and manage the same during her life as to her seems best, empowering her to buy, sell, and manage as to her judgment shall seem best."

In items third, fourth, and fifth the testator gave certain legacies to three sisters and, upon contingencies mentioned, to plaintiff F. M.. Gibony, called Mortimore Gibony, to be paid after his wife's death. Item sixth is as follows:

"Item Sixth. After the death of my said wife I will and bequeath unto my brother, Mortimore Gibony, the sum of five hundred dollars in cash. In the specific legacies herein given off as mentioned in items third, fourth, fifth, and sixth, amounting to the sum of two thousand five hundred dollars, should any of the parties therein named and to whom specific sums are given die after receiving said sums, leaving natural heirs of their body or the increase of such heirs, it is my will and testament that the amount herein disposed of to them they shall hold absolute to do with as they see fit; but should any of said parties mentioned in said items and to whom said sums are given after having received their portions die without said heirs or their increase, then and in that event I will and bequeath that the portions of such parties then dying shall after their death vest in Martha Curtis Turner and her heirs, for should there not be sufficient cash on hand to pay off the specific legacies mentioned in said items, then that my executor herein named shall raise amounts by keeping up my farm until such time it shall be raised."

After the return of the inventory the widow, Elizabeth Gibony, took possession of all the property belonging to the estate, paid the debts of the deceased, and continued to manage, control, and dispose of the same until this suit was brought. She employed her codefendant, W. F. M. Baty, as manager of the farm without any agreement as to what his compensation should be, but from time to time paid him money and on May 4, 1897, conveyed to him by deed of that date the 300 acres of land, upon which was the farm, and also the 951 acres situated in Haskell County. The consideration for the conveyance of the 300 acres was recited in the deed to be $1200 and other good and valuable considerations, and the consideration in the deed for the Haskell County land was recited as $465.50 in cash and other good and valuable considerations but in fact the consideration for the 300 acres tract, as testified by the witnesses Elizabeth Gibony and W. F. M. Baty, was $1200 for past services of Baty as manager of the farm, and $1200 in notes executed by him to her, payable in five annual equal installments without reservation of lien on the land, and the consideration for the Haskell County land was one-half for past services and the other half in notes. In the year 1872, from the proceeds of the farm, Elizabeth Gibony bought the tract of 200 acres of land, described in the petition, called the Bell tract. This tract she conveyed to Herbert Baty, a son of W. F. M. Baty, on October 21, 1896, by deed of gift. She had taken Herbert Baty when an infant to rear, and had reared and educated him, and when he became of age she gave him this tract of land. This suit was brought by F. M. Gibony, J. C.

Hutcheson, Kate B. Carrington, and B. F. Weems, the latter two as the executors of the estate of W. A. Carrington, deceased, to set aside the conveyances of Elizabeth Gibony to W. F. M. Baty and Herbert Baty as fraudulent and made with the intent to defraud the residuary legatees of John Gibony and said Hutcheson and Carrington's executors, who claim by a transfer or mortgage from F. M. Gibony to secure a fee due them by him. The defense of W. F. M. Baty is, that Elizabeth Gibony had the power under the will to convey the land, and that he is a purchaser thereof for value and in good faith; also that he acquired by the deed from Elizabeth Gibony her community interest of one-half in the land conveyed and her life estate under the will to the remaining one-half. Herbert Baty defends that the deed from Elizabeth Gibony to him conveyed an absolute title to the land claimed by him, for the reason that she owned it in her own right. It was also pleaded by W. F. M. Baty that 200 acres of the 300 acres conveyed to him by Elizabeth Gibony was paid for with her separate means, and that he took an absolute title thereto by her deed to him. The 300 acres consists of two separate tracts conveyed to John Gibony by different persons. The testimony of Elizabeth Gibony was offered to prove that this 200 acres was paid for with money belonging to her and received from her father's estate, but it was excluded by the court on objection by the plaintiffs.

Our construction of the will is, that John Gibony did not undertake to devise the community interest of his wife, Elizabeth, in the land owned by them at his death, but only undertook to devise whatever property he had by a general disposition thereof, and that by the will Elizabeth Gibony took an absolute life estate in the property owned by her husband, with power to manage, sell, and dispose of the fee for her own benefit, but of course she would not have under this power the right to make a fraudulent disposition of the property for the purpose of defeating the rights of the residuary legatees and devisees. The provision in the will that after the death of Elizabeth Gibony the executor Stephenson should, if necessary, rent out the farm for the purpose of raising the money to pay the legacies does not, in our opinion, show any intention to devise the farm as an entirety so as to put the widow to the election of whether she would accept the life estate in the entire tract or renounce the will and retain her one-half community interest. She was not called upon by any provision of the will to make an election. This case is not controlled by Smith v. Butler, 85 Texas, 126, cited by the appellant. She owned in the land conveyed to her codefendant, W. F. M. Baty, at least an absolute interest of one-half in her community right, and an absolute life estate in the remaining one-half, and her deed to him conveyed an estate in the land to that amount. The conclusion as to the fee to the husband's interest in the community estate, that it did not pass by the deed, is reached from the finding of the trial judge that the deed was made with the intent to defraud the residuary legatees of the will, there being evidence to support that finding. We think the court erred in excluding the testimony of Elizabeth Gibony tending to show

that her separate money was paid for 200 acres of the tract, because the defendant, W. F. M. Baty, had the right to have such evidence heard in order to maintain his claim of title to the land without regard to the capacity in which Elizabeth Gibony was sued; and he was not deprived of this right by article 2302 of the Revised Statutes. But the suit does not appear to be one against Elizabeth Gibony in her capacity as executrix of John Gibony; it was brought for the cancellation and setting· aside of the deed which she made to her codefendant in the assertion of her own right to convey the title taken by her under the will. The evidence would be properly received as against the plaintiff F. M. Gibony, because the statute does not extend its prohibition to legatees. Mitchell v. Mitchell, 80 Texas, 111; Newton v. Newton, 77 Texas, 508.

. Elizabeth Gibony had an absolute life estate under the will and the proceeds from the farm were her property to do with as she chose, and the tract of 200 acres conveyed by her to the defendant, Herbert Baty, was her own land, and she conveyed to him the absolute title thereto. The judgment of the court below will be reversed and the cause remanded for trial in accordance with the views herein expressed. The judgment of the court below in favor of the defendant Boone Kirk for the lot claimed by him has not been appealed from and will not be disturbed. Reversed and remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

We adhere to our conclusion that the testimony of Elizabeth Gibony, offered to show that 200 acres of the farm was bought with her separate means, was competent evidence. What effect such proof would have upon the question of an election by her under the will we are not called upon to decide upon the facts as presented in the record.

*Overruled.*