**RANDALL et al. v. ESTES et al.**
No. 13958.

Court of Civil Appeals of Texas. Dallas.
Feb. 11, 1949.

Rehearing Denied March 11, 1949.

M. S. Church and Prentice Wilson, both of Dallas, for appellants.

William M. Bates, J. Hart Willis and W. R. Harris, Jr., all of Dallas, for appellees.

BOND, Chief Justice.

The rights of each of the parties in this suit are controlled by the provisions of the will of Mrs. Willie Randall Estes. The appellants claim a vested contingent remainder in the estate of Mrs. Estes; the appellee Albert H. Estes claims a life estate with absolute power vested in him by the will to sell and in every other way to manage and dispose of the properties belonging to the estate, real and personal, "save and except by gift or devise;" and the appellee Paul Crum claims an assignment to 16½ acres of the estate perforce of an executory contract of sale made with the life-tenant Albert H. Estes which, in cross-action, he seeks to consummate in this suit.

In a former appeal, Crum v. Randall, Tex.Civ.App., 198 S.W.2d 936, the factual background of the suit is set forth and the provisions of the will were brought under review, and the issues of the parties were there clearly stated, as here, to which we refer. However, in that appeal the only question adjudicated was in reference to a temporary injunction to restrain the plaintiffs from prosecuting the suit in advance of trial on its merits; otherwise, we were not authorized and did not attempt to adjudicate or subscribe to the issues raised in pleadings as being justiciable matters to construe the will of Mrs. Estes. The will is now before us for review in all of its provisions and the rights of the parties to be determined in accordance therewith.

The pertinent parts of the will provide as follows: "Second: I give, devise and bequeath to my husband, Albert H. Estes, to have and to hold during his natural life, all my property, real and personal, for his comfort, maintenance and support; and I give, devise and bequeath the remainder of my estate, real and personal, not disposed of at his death, to Mrs. Gladys Giles, Miss Ethel Gordon Randall and Mrs. Alice Dysart, and their heirs, forever. I give my said husband the power and right to sell, incumber, mortgage, convert, reconvert, invest, reinvest, loan and in every other way manage and or dispose of my property, real and personal (save and except by gift or devise); and all persons dealing with him with respect to such property, or any portion of the same shall be fully protected as if he were full and unqualified owner. My husband shall have the power and the right to devote the entire property, principal and income to his support, maintenance and comfort, using, and if necessary consuming, for such purposes the entire estate, principal and income." It will be seen that the testatrix sets forth a comprehensive plan for the disposition of her property. The main purpose and motive prompting the gift to her husband was to provide for his "comfort, maintenance and support," and not a qualified or conditional devise. We think the language employed is not sufficient to cut down the clearly expressed absolute gift to her husband.

In order to give a qualified estate, instead of an absoute one, the language of the testator must be such as to clearly import an intention to do so. Where

a testator makes an absolute gift of the whole of his estate to his devisee, the words "for his comfort, maintenance and support," at most, express the motive and purpose of the gift, but cannot be held to make the gift conditional. Such words have little, if any, more significance than the words "to have and to hold for his comfort and enjoyment." Where there is no right imposed upon the devisee to withhold any part of the estate on the ground that he does not need the whole for his comfort, maintenance and support, he has an absolute estate in the devised property. The words in the will of Mrs. Estes, "I give, devise and bequeath to my husband, Albert H. Estes, to have and to hold during his natural life, all my property, real and personal," without more, would be effective to qualify the estate to vest in her husband a life estate only; but such devise, coupled with the further provisions in the will, "I give my husband the right to sell * * *· and dispose of my property, real and personal (save and except by gift or devise)," conferred upon him full authority as an absolute fee-owner of the property, save, only, that he shall not give it away or devise it by will. The limitation "save and except by gift or devise" evidences a reasonable inference that in all other ways the husband was accorded the right of disposition without let or hindrance by the remaindermen. Furthermore, the provision in the will that "My husband shall have the power and the right to devote the entire property, principal and income, to his support, maintenance and comfort, using, and if necessary consuming, for such purposes the entire estate, principal and income," is a precatory provision, and such power does not in any way impose upon the life-tenant to withhold any part of the estate for his support, maintenance and comfort. A will authorizing a devisee to use and, if necessary, to consume the entire estate during his life clearly empowers him to sell the estate, and when no language is used in connection therewith which tends to restrict or limit its use, the words should be given a broad and liberal meaning as to confer a discretion upon the devisee to

determine for himself the disposition of the property and the necessity for its use. The words "for his comfort, maintenance and support," as used in the instant will of Mrs. Estes, devising to appellee Albert H. Estes her entire estate and, too, conferring upon him the right to sell and devote the entire estate, principal and income, "using, and if necessary consuming" the principal and income for such purposes, does not limit or restrict the rights conferred upon the life-tenant. Evidently such expressions are the inducing cause for the bequest and not a conditional precedent for the exercise of his right to sell, or a limitation on the powers granted in reference thereto.

We now turn to the rights of the remaindermen, appellants, in consonance with the devise to the life-tenant. It will be seen that Mrs. Estes made no specific disposition of any particular property remaining in possession of her surviving husband at the time of his death. Her will merely provides "I give, devise and bequeath the remainder of my estate, real and personal, not disposed of at his death, to Mrs. Gladys Giles, Miss Ethel Gordon Randall and Mrs. Alice Dysart, and their heirs, forever" (appellants). Thus the appellants (nieces of Mrs. Estes) were given no present specific interest in any of her estate devised to her surviving husband; but only such contingent portion as shall remain undisposed of by the husband, to take effect at his death. All of their rights, therefore, are contingent, vesting, at the death of the life-tenant, only in the undisposed of properties.

In the case of Harrell et al. v. Hickman, Tex.Sup., 215 S.W.2d 876, 879, Chief Justice Hickman, for the Supreme Court, announced sound doctrine applicable here: "* . * * where the survivor takes a conditional fee, or even a life estate, with full power of disposition, he may dispose of the property as he sees fit during his lifetime." So, in the instant case the testatrix, in language free of ambiguity, clothed the surviving husband with the unqualified right to sell, incumber or dispose of the entire estate for his comfort,

maintenance and support, limited, only, by gift or devise. It is not difficult to perceive the consequences of a holding that a contingent remainderman could void or hinder the exercise of the right thus granted the life-tenant to sell, or inquire as to the purposes and motives of the life-tenant in such sales or incumbrances of property vested in him by the will with full power to sell. Such a right of a remainderman would, in effect, limit the quality of the fee vested in the first taker beyond the terms of the will from an absolute gift to a qualified or conditional one. We think no such right was given to the plaintiffs (remaindermen). Their rights in the estate created no trust in their favor for which the life-tenant was required to give an accounting to them for the sale or use of the proceeds of any of the estate. It was clearly the intention of the testatrix that the three named nieces should have no present interest in any of the estate; thus the life-tenant was not a trustee, or quasi trustee, for such remaindermen. Only does a trust rest on a life-tenant to preserve and protect an estate for a remainderman when the remainderman has a clear vested indefeasible interest in the property over which the life-tenant has fiduciary control. Indeed, the life-tenant under the will of Mrs. Estes was limited in the disposition of the property only to the extent that he was expressly denied the right to give away or devise the estate; thus, perhaps, the remaindermen would have the right to intercede in any disposition tantamount to a gift or devise. Such, however, is not an element in this case.

It is contended by appellants that the findings of the jury to the effect (1) that on March 1, 1946, the 16½ acres of land involved in this suit, belonging to the estate of Mrs. Estes as above related, was of the reasonable cash market value of $44,500; (2) that the consideration of $34,650 proposed in an executory contract of sale to appellee Paul Crum by the life-tenant, was a grossly inadequate price for the land; (3) that such sale to Paul Crum was not reasonably necessary for the comfort, maintenance and support of the said Albert H. Estes; and (4) that the sale in question by the life-tenant to the said Paul Crum at the contract price of $2,100 per acre would constitute waste, resulting in permanent injury to appellants' inheritance and prejudice their rights to the reversion or remainder of the estate of Mrs. Estes, are controlling factors in determining the rights of the devisees under the will. We give due credit to the jury's verdict as having full support in the evidence, other than the deducible conclusions that the price of $2,100 per acre for the 16½ acres of land would constitute waste and that the contractual consideration of $34,650 is grossly inadequate price for the land.

The trial court in sustaining appellee's motion for judgment notwithstanding the verdict of the jury and entering judgment accordingly, manifestly determined that such findings of the jury on the issues submitted were not controlling factors in construing the involved will, and that the will, couched in terms plain and unambiguous, controls the rights of the parties to the suit; hence decreed that the plaintiffs, appellants here, take nothing by their suit, and that the defendant Paul Crum have judgment on his cross-action against the life-tenant Alfred H. Estes for specific performance of the contract of sale entered into with the life-tenant on March 1, 1946, and directed execution of proper debentures conveying absolute title to the land in suit.

We have carefully considered all of appellants' points of error; and, while we have not in this opinion followed them in succession, or pointed them out and discussed them specifically, yet, we conclude they present no error. Our conclusion as above expressed is fortified by the recent opinion of our Supreme Court in Harrell v. Hickman, supra, holding succinctly to the effect that where the testator clothes the life-tenant with the unqualified right to convey property during his lifetime for his sole use and benefit, and has limited the rights of the remaindermen to whatever of the estate remains at his death, the court is not authorized to impose a limita-

tion upon that right, or, by implication, to grant any right to the remaindermen other than to acquire that which might remain after the death of the life-tenant.

The judgment of the lower court is affirmed.