Lela Vardell **ELLIS** et vlr, Appellants,

v.

**FIRST NATIONAL BANK IN DALLAS** et al., Appellees.

No. 15379.

Court of Civil Appeals of Texas.

Dallas.

March 21, 1958.

Rehearing Denied April 18, 1958.

W. H. Sanford and Conan Cantwell, Dallas, for appellants.

Lamar Holley, J. E. Newberry, Coke & Coke and H. P. Kucera, City Atty., Dallas, for appellees.

DIXON, Chief Justice.

This is a suit for a declaratory judgment filed by First National Bank in Dallas, Trustee, seeking to determine its rights, duties and obligations as trustee under the will of T. W. Vardell, deceased.

On May 30, 1930 T. W. Vardell and his wife Lela Barry Vardell executed identical wills, each will disposing of their entire community estate. Each will also contained provisions pertaining to the powers and authority of the surviving spouse in regard to the estate. T. W. Vardell died in 1934, leaving a community estate valued at approximately $2,000,000. His wife survived him. She elected to take under his will. This suit involves an interpretation of his will.

Mr. and Mrs. Vardell had two children and only two: Elizabeth, now Mrs. Elizabeth Goodman, and Lela, now Mrs. Lela Vardell Ellis. At the time of the trial of this case Mrs. Elizabeth Goodman had three children, all grown, and seven grandchildren, all minors. Mrs. Lela Vardell Ellis had no children.

The will of T. W. Vardell contained the following provision:

"I give, devise and bequeath to my wife, Lela Barry Vardell, all property, real, personal and mixed, of which I may die seized and possessed, or in which I may have an interest at the time of my death, for the term of her life, and as long as she shall remain a widow, *she to have, during such time, full and absolute authority to handle, manage, sell, and in any manner dispose of said properties, or any part thereof,* and to invest and re-invest any proceeds received from the sale of any part of said properties, and no purchaser of any part of said properties shall have any obligation or duty to see to the application of the proceeds received from such sale." (Emphasis ours.)

The will further provided for remainder over, at the death of Mrs. Lela Barry Vardell, to First National Bank in Dallas and C. F. O'Donnell as Trustees of a trust to come into existence upon the death of Lela Barry Vardell. This trust was to continue for twenty years after the death of the last survivor of the two daughters of Mr. and Mrs. Vardell, the corpus of the estate to go at the termination of the trust to the lineal descendants then living of the two daughters. If there were no such lineal descendants living at the termination of the trust, the estate was to go to the City of Dallas for the purchase and maintenance of a public park. First National Bank in Dallas and C. F. O'Donnell were named as Independent Executors of the will without bond.

Upon the death of T. W. Vardell in 1934 the co-executors administered the estate for awhile, then in 1935 turned the estate over to Lela Barry Vardell, the surviving widow, pursuant to the terms of the will. The corporation stocks owned by the estate were transferred to Lela Barry Vardell by the executors, the certificates being made out in her name. With the assistance of First National Bank in Dallas as her agent, Lela Barry Vardell increased the estate until it was valued at approximately $4,000,000 at the time of her death, September 12, 1953. She had not remarried.

C. F. O'Donnell, one of the named trustees, had died; so following the death of Mrs. Lela Barry Vardell, First National Bank in Dallas, the other named trustee, took charge of the estate as sole trustee as provided in the will of T. W. Vardell.

Then arose the question which caused the Bank to file this suit, seeking an interpretation of the will and instructions for the proper handling of the estate. On March 10, 1955 Lela Barry Vardell had caused certificates for 1,000 shares of stock in Southwestern Life Insurance Company, a Texas corporation, to be transferred by her endorsement and reissued by the Insurance Company in the name of her daughter, Lela Vardell Ellis, who now has possession of the certificates. The testimony in the record is uncontradicted that the conveyance of this stock was intended as a gift by Mrs. Lela Barry Vardell to her daughter, Mrs. Lela Vardell Ellis. The conveyance was made upon the advice and with the knowledge and consent of the other daughter, Mrs. Elizabeth Goodman.

Two questions are presented by the Bank's suit: (1) Did the terms of the will of T. W. Vardell vest in Lela Barry Vardell, his surviving widow, the power to make a gift of the 1,000 shares of stock to their daughter Mrs. Lela Vardell Ellis? (2) If so, did Lela Barry Vardell exercise such power so as to convey to Lela Vardell Ellis title to the 1,000 shares of stock free of the trust which came into existence upon the death of her mother Lela Barry Vardell?

The Bank further prayed that if the court should find that the will did not create a power in Lela Barry Vardell to dispose of the property in question by way of gift, or if such power, though created, was not exercised, then appellant Lela Vardell Ellis be declared trustee for plain-

tiff Bank of all such stock and dividends paid to her to date of judgment, and be ordered to pay over and deliver said stock and dividends to the trustee Bank, and that the Bank as trustee under the will have title and possession of said stock and dividends.

Mrs. Elizabeth Goodman and her husband waived service of citation and filed their answer declaring their desire that the court adjudge Lela Vardell Ellis to be the lawful owner of the shares of stock and dividends thereon which are the subjects of this suit. The three grown children of Elizabeth Goodman (grandchildren of T. W. Vardell and Lela Barry Vardell) also waived service of citation and filed answer declaring their desire that Lela Vardell Ellis be adjudged the owner of the stock. Lela Vardell Ellis and her husband filed a general denial praying that plaintiff take nothing against them. The City of Dallas filed a general denial and also asked that the will be construed. On appeal both the City of Dallas and First National Bank in Dallas, Trustee, have filed written statements to the effect that they do not advocate any particular holdings with reference to the questions presented on the appeal, but seek merely a correct interpretation of the will so that their rights and obligations may be determined.

Since the seven grandchildren of Elizabeth Goodman (great-grandchildren of T. W. Vardell and Lela Barry Vardell) are all minors, a guardian ad litem, J. B. Newberry, was appointed to protect their interests. The guardian ad litem by his duly appointed attorney, filed an answer praying the court to answer in the negative the questions raised by the Bank's suit, and to hold that Lela Barry Vardell had not the power to make the gift in question to Lela Vardell Ellis, and in the alternative, if it be found she did have such power, then it be found that she had not exercised such power.

After a trial to the court without a jury judgment was rendered declaring that the will of T. W. Vardell did not vest in his widow Lela Barry Vardell the power, by gift, to dispose of property subject thereto. The judgment further declared that Lela Vardell Ellis is a trustee for plaintiff of the 1,000 shares of stock, and 500 shares which have been issued as a stock dividend since the conveyance of the 1,000 shares.

Appellants Lela Vardell Ellis and her husband, Kenneth Ellis, rely on four points of alleged error for a reversal of the trial court's judgment. Each of the four points is based on appellants' contention that the will of T. W. Vardell vested in his widow Lela Barry Vardell the power to dispose by gift of the property of the estate. Therefore we shall consider the four points together.

After a study of the authorities we have reached the conclusion that the will of T. W. Vardell, properly interpreted, vested in his widow Lela Barry Vardell the power to dispose by gift of the 1,000 shares of stock to Lela Vardell Ellis.

Our Supreme Court reached a like conclusion in a case in which the facts are sufficiently similar to the facts in this case to make the Supreme Court's ruling applicable here. In Lowe v. Ragland, 297 S.W.2d 668, 670, the facts were that the will of J. W. Lowe devised the property of the estate to other persons than his wife Ellen Lowe. The will did not expressly vest any estate in her. But it gave her the right of control and disposition during her life in the following language: "Should my wife, Ellen Lowe, survive me, then she shall have full control, management and disposition of all property of every kind, or character whatsoever herein, above referred to, mentioned and described, as long as she shall live." After the husband's death Ellen Lowe, his widow, made a gift of certain land to persons other than the remaindermen. The plaintiff in the case claimed under the gift. Defendants claimed under the remaindermen, and contended that the power of disposition given to

Ellen Lowe in the will did not include a power to make gifts. The Supreme Court held that it did, saying " * * * we think the power of 'full * * * disposition' rather obviously means a power of alienation and one of broad scope without regard to whether it be by sale or gift."

The power of disposition in the will of T. W. Vardell seems to us to be broader in its scope than the power in the will of J. W. Lowe. The Vardell will provides that Lela Barry Vardell, for the term of her life, shall have *"full and absolute* authority to handle, manage, sell *and in any manner dispose of* said property, or any part thereof." (Emphasis ours.)

We think our holding finds support also in Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876, at page 879, where our Supreme Court said, " * * * where the survivor takes a conditional fee, or even a life estate, with full power of disposition, he may dispose of the property as he sees fit during his lifetime", citing Hanna v. Ladewig, 73 Tex. 37, 11 S.W. 133, and other cases.

There is in the record before us a photostatic copy of a letter written by C. F. O'Donnell soon after Lela Barry Vardell took charge of the estate in 1935. C. F. O'Donnell was the attorney for T. W. Vardell and Lela Barry Vardell. It was he who drew their identical wills. He and the Bank were named and had qualified as co-executors under the will of T. W. Vardell, deceased. The letter was addressed to R. L. Ezzell, Assistant Trust Officer of First National Bank in Dallas. Since it was introduced into evidence without objection, we quote, for whatever it may be worth, from the letter:

"Dear Mr. Ezzell:

"You have advised me that a transfer agent in New York has suggested that stock standing in the name of Thomas W. Vardell, and passing under his will to his surviving wife, Lela Barry Vardell, be transferred to Mrs. Vardell as life tenant. This requirement is not justified by the provisions of the will. Under the terms of the will Mrs. Vardell, during her lifetime and so long as she remains a widow, has full and absolute authority to sell and dispose of any of the properties belonging to the estate, including any of the stocks. * * * Under the will the remainder men have an interest only in such properties as shall not be disposed of by Mrs. Vardell. * * * "

■ Appellees point out that the powers of disposition given to the widow Lela Barry Vardell, and those given elsewhere in the will to the trustee to be exercised after her death are stated in substantially the same language. It is improbable that the testator intended to give the Bank trustee power to make gifts. Therefore, say appellees, it should be held that Lela Barry Vardell was not given such power either. In support of their contention appellees cite us to the case of Ellis v. Bruce, Tex.Civ.App., 286 S.W.2d 645, 647, which quotes 44 Tex.Jur. 748 as follows:

"When the same words are used in different parts of the will with reference to the same subject matter, it will be presumed that they were intended to have the same significance, *unless there is something in the context to show use in a different sense."* (Emphasis ours.)

We agree with the above quoted statement of the law. But we think it is the emphasized latter portion of the statement which is applicable here. Viewing the will as a whole, we have concluded that there is something in the context of the will of T. W. Vardell to show the use of the same words in a different sense. The will expressly provides for the creation of a trust after the death of Lela Barry Vardell, with First National Bank in Dallas as trustee. The Bank's powers as trustee are expressly limited by the provisions of

the will to the uses and purposes of the trust as set out in the will.

We quote from the will:

"At the death of my said wife, if she shall survive me, I give and devise all of my separate property not theretofore sold *or otherwise disposed of by my said wife,* * * * and also all community property belonging to my said wife and myself at the time of my death, and the proceeds then on hand received from the sale *or other disposition of any part thereof* * * * to the First National Bank in Dallas, Texas, and Charles F. O'Donnell, of Dallas, Texas, joint trustees, to have and hold the same in trust, *for the uses and purposes,* and with the powers hereinafter expressed." (Emphasis ours.)

■ ■ Then comes a provision of the will which seems to us especially significant. The testator expressly directs that if there should be no lineal descendants living at the expiration of the trust, then the corpus of the estate shall go to the City of Dallas for public park purposes. Thus the testator made express provision for a gift to the City of Dallas dependent upon the happening of a certain event. It is the only gift which the Trustee Bank is expressly authorized to make. The maxim *Expressio unius est exclusio alterius* (The express mention of one thing implies the exclusion of another) is usually applied in cases involving the interpretation of statutes. But it is also applicable in other fields of the law. City of Brownsville v. West, Tex.Civ.App., 149 S.W.2d 1034, 1035 (syl. 3); Southern Coast Corp. v. Sinclair Refining Co., 5 Cir., 181 F.2d 960. We think it is applicable here. By expressly providing for one gift—and only one—which the Trustee Bank might make, it seems to us that the testator T. W. Vardell intended to put a limitation upon the power of the trustee to make others. In other words, by providing specifically for one gift, the testator in effect denied to the Trustee Bank the general power to make other gifts.

■ The first question propounded by the plaintiff Bank having been answered by the trial court in the negative, it was considered by the trial court unnecessary to answer the second question: Did Lela Barry Vardell exercise her power to make a gift so as to convey to Lela Vardell Ellis title to the 1,000 shares of stock free of the trust which came into existence upon the death of Lela Barry Vardell? Since we have decided that the first question should have been answered in the affirmative, and the matters relating to the second question are undisputed, we shall now consider the second question. Republic National Bank of Dallas v. Fredericks, Tex.Civ.App., 274 S.W.2d 431 (syl. 8) (reversed on other grounds, Tex.Sup., 283 S.W.2d 39); art. 2524–1, Vernon's Ann. Civ.St.; 4 Texas Digest, Appeal and Error, ⚖1175(7).

■ The evidence is undisputed that Lela Barry Vardell intended to make a gift of the 1,000 shares of stock to her daughter, Lela Vardell Ellis. The evidence is also undisputed that the transfer of the stock from Lela Barry Vardell to Lela Vardell Ellis was completed, and that Lela Vardell Ellis prior to the death of her mother was in possession of stock certificates made out in her name as owner of the 1,000 shares of stock. Under the undisputed evidence we must hold as a matter of law that Lela Barry Vardell did exercise the power vested in her under the will of T. W. Vardell to a gift of the 1,000 shares of stock to her daughter, Lela Vardell Ellis, free of the trust.

Appellees take the position that even if the first question should be answered in the affirmative, the second question should be answered in the negative. They assert that the mere transferring of the stock by Mrs. Vardell to Mrs. Ellis without reference in the transferring instrument to the power of appointment contained in the will rendered the transfer void. In support of their contention they cite the recent opinion of our

Supreme Court in Republic National Bank of Dallas v. Fredericks, 283 S.W.2d 39.

The case cited by appellees seems to us authority supporting an affirmative answer to the second question. The Supreme Court cites with approval the three tests prescribed in Blagge v. Miles, C.C.D.Mass.1841, 3 Fed.Cas. page 559, No. 1479, 1 Story 426. Our Supreme Court said:

> "The tests are (1) where there is a reference to the power in the instrument; (2) where there is a reference to the property on which it is subject to be executed; and (3) where the provisions of the will or deed executed by the donee would otherwise be ineffectual; i. e., would have no operation except as an execution of the power." Republic National Bank of Dallas v. Fredericks, 283 S.W.2d 39, at page 47.

In the case now before us the transfer documents of the 1,000 shares of stock certainly referred to property covered by the will of T. W. Vardell. Part of the shares of stock were the community property of Mr. and Mrs. Vardell during his lifetime; part of the shares were stock dividends declared after his death. It was provided in his will that stock dividends should be considered part of the corpus of the estate made subject to his will. Certainly the facts in this case come within the second class of cases mentioned by our Supreme Court in Republic National Bank of Dallas v. Fredericks, supra.

It is also undisputed that the transfer of the stock by Mrs. Vardell to Mrs. Ellis would be ineffectual except as an execution of the power vested in Mrs. Vardell by the will. Consequently the facts of this case come also within the third class of cases referred to in the above quotation.

Appellants' four points on appeal are sustained.

The judgment of the trial court is reversed and judgment is here rendered that appellees take nothing from appellants, and declaring (1) that the terms of the will of T. W. Vardell, deceased, vested in his surviving widow, Lela Barry Vardell, the power to make a gift of the 1,000 shares of stock to her daughter Mrs. Lela Vardell Ellis; and (2) that Lela Barry Vardell exercised such power so as to convey to Lela Vardell Ellis title to said 1,000 shares of stock free of the trust.

 The guardian ad litem and his attorney have represented the seven minor defendants (great-grandchildren of T. W. Vardell and Lela Barry Vardell) conscientiously and capably. The trial court's judgment includes an allowance of a fee to the guardian ad litem. That portion of the judgment has not been attacked on appeal. It will therefore be left undisturbed.

Reversed and rendered except as to the allowance of a fee to the guardian ad litem.