Bernice Ann CAMMACK et al., Appellants,

v.

George S. GEORGE et al., Appellees.

No. 6647.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 27, 1964.

Rehearing Denied March 25, 1964.

B. T. McWhorter, Port Arthur, for appellants.

Jack R. King, Beaumont, Richard Owens, Ft. Worth, Hugh Freeland, Beaumont, for appellees.

HIGHTOWER, Chief Justice.

The surviving children of Marcia L. George filed suit in District Court against their stepfather, George S. George, and certain of his grantees, under Article 2524–1, Vernon's Ann.Civ.St. (Declaratory Judgment Act), for the purpose of construing an instrument referred to as the "joint and mutual will" of Marcia George and the said George S. George, her surviving husband. Defendants answered and filed a cross-action in trespass to try title on behalf of the grantees of such real estate, moved to have the will construed as devising a fee simple estate to George S. George and authorizing him to convey any and all said community estate. From a summary judgment granting defendants the relief prayed for and adjudging title and possession in the grantees of George S. George, plaintiffs have appealed.

The controversy involves the construction of the first and second paragraphs of said will, to-wit:

"FIRST: It is our will and desire that the survivor of us, George S. George or Marcia L. George, as the case may be, shall, with the rights and authority below given, have all the estate of every kind, character, and description, whether real, personal or mixed, which either or both of us may own, claim, or be interested in at the time of the death of the first of us, to be used, occupied, enjoyed, conveyed, managed, conserved, expended, and controlled by, and during the life of such survivor, as such survivor may desire, subject only to the conditions hereinafter contained relative to death and remarriage.

"SECOND: It is our will and desire that upon the death or remarriage of the survivor of us, George S. George or Marcia L. George, as the case may be, then the portion of said estate belonging to the decedent shall vest in fee simple in the children of the said Marcia L. George, to-wit: Bernice Ann Cammack, wife of Alton Cammack and Audrey Leta Brandt, wife of Jake Brandt, share and share alike."

It was set out in the judgment of the trial court that by the will of Mrs. George, Mr. George was given an estate in fee simple in all the estate which Mrs. George owned or had claimed an interest in at the time of her death; plaintiffs took no vested interest in said property; the conveyance of said property defeated any interest of the plaintiffs in so much of said property as was conveyed prior to the occurrence of one of the aforementioned conditions; that George S. George inherited under such will only one-half of the community property of himself and Mrs. George, and was not forced to make an election thereunder.

Appellants have assigned three points of error attacking the judgment of the trial court. We treat them in reverse order. The last two points complain of the trial court's adjudication that an estate in fee simple to Mrs. George's property vested in Mr. George with power in him to convey the same.

Under these points appellants take the position that Mrs. George intended that her surviving husband take her one-half interest in the community estate, in trust for appellants, subject to his use and enjoyment thereof during his lifetime, or until such time as he should remarry; that such survivor would not have unrestricted power to convey and dissipate all said estate, thereby depriving appellants of their intended inheritance.

It is our opinion that by the first paragraph of this will each of the makers intended to devise to the other only such

property as he or she should die seized and possessed. That is, each devised to the other only his own one-half interest in the whole of the community property. Each, of course, devised to the other all of his separate property. The survivor was not forced to make an election under the will. He simply took a life estate in all the property which his wife owned, or had an interest in, upon her death. That it created only a life estate, as distinguished from the facts which were held to have created fee simple estates in the cases of Harrell et al v. Hickman, 147 Tex. 396, 215 S.W.2d 876, and C. C. Young Memorial Home for Aged Women v. Nelms, Tex.Civ.App., 223 S.W.2d 302, is made clear by the express wording of the first paragraph of the will. No words are used in this paragraph which would evidence any intent to devise a fee simple title to the survivor, other than the two words "conveyed" and "expended". All of the authority given to the survivor is limited by the provision "during the life of such survivor". This is also borne out by the second paragraph of the will. In that paragraph the intendment of the makers is clearly expressed that the survivor is to take the property of which the first decedent was seized and possessed only until the remarriage or death of the survivor. After which " * * * the *portion of said estate belonging to the decedent* shall vest in fee simple * * *" to the named beneficiary-appellants.

But this life estate is coupled with the power in the survivor to dispose of the fee before his death or remarriage. The words "conveyed" and "expended" as used in the first paragraph of the will are subject to no other interpretation.

The will in question is quite similar to that construed by the Supreme Court in Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823, 158 A.L.R. 470. It was there said, regarding a life estate coupled with a power to dispose:

"The power of disposition is not an estate. It is merely authority derived

from the will to dispose of the fee. Gildersleeve v. Lee, 100 Or. 578, 198 P. 246, 36 A.L.R. 1166, 1169. It is not inconsistent with or repugnant to the estate for life. 33 Am.Jur. pp. 484, 485, Sec. 21. It is not repugnant to the remainder, but when exercised, it defeats the remainder in the property sold or conveyed. Caples v. Ward, 107 Tex. 341, 346, 179 S.W. 856. As said in Grace v. Perry, 197 Mo. 550, 562, 95 S.W. 875, 878, 7 Ann.Cas. 948, 951:

"'It must be remembered that the devise is express for life with power to dispose of the fee, and it is a well settled principle of law that a power of disposition added to the life estate is not repugnant to the life estate or to the remainder over. If not exercised, it leaves both estates unaffected by it. If exercised, it defeats the remainder in the property disposed of; the remainder being subject to such defeat, as in this case.'

"A power that is not an estate but is merely authority to dispose of the fee, that is repugnant neither to the life estate nor to the remainder, and that does not in the addition of it to the life estate raise that estate to a fee, should not, in the mere exercising of it, enlarge the life tenant's estate. But that effect would be given to it, if it were held that the exercise of the power by the life tenant operated to divest the remaindermen of all title or right to the proceeds of the sale."

This power to "convey" effectively relegated the named beneficiaries, appellants, to the position of contingent remaindermen having no justiciable interest in or to the property passing under Mrs. George's will until the remarriage or death of George S. George. As being appropriate to the facts we adopt the language of the Supreme Court in Harrell v. Hickman, supra:

"In the instant case the testators in language free of ambiguity have clothed the survivor with the unquali-

fied right to convey the property during his or her lifetime and have limited the rights of the remaindermen to whatever estate remained in the survivor at his or her death, and we are not authorized to impose a limitation upon that right or by implication to grant any right to the remaindermen other than to acquire that which might remain after the death [or remarriage] of the survivor."

■ Lastly, we consider appellants' point of error to the effect that the trial court erred in granting appellants' motion for summary judgment because the same contained no allegations of fact, was not verified, and there were no depositions, admissions, affidavits or other supporting data attached to or filed with such motion. Therefore, they say there was no proper evidence upon which the summary judgment could have been predicated.

The omissions referred to in appellants' point of error do not necessarily preclude the granting of a motion for summary judgment. Womble v. Atkins, Tex.Civ. App., 314 S.W.2d 150, affirmed 160 Tex. 363, 331 S.W.2d 294; Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274, Sup.Ct. However, under this point of error appellants specifically urge error of the court in decreeing, as a part of said judgment, title and possession in the grantees of appellee George on their cross-action of trespass to try title. Appellants refer to Rule 798, V.A. C.S., providing for a plaintiff to make proof of a common source of title by filing and serving certified copies of deeds under which the parties claim. They urge, citing the Gardner Case, supra, that the motion for summary judgment was erroneously granted—absent certified copies of the deeds under which appellee George's grantees claimed attached to their cross-action aforesaid. Such omissions, they say, do not fulfill the requirements of Rule 166–A, V.A.C.S., relating to summary judgments.

■ Actually the deeds, omission of which are complained of, were not even introduced in evidence. This, we think, under the circumstances is immaterial. In their first amended original petition plaintiffs set forth the controversial paragraphs of the will as hereinabove set out. They alleged that a bonafide controversy concerning the construction of said will had arisen between the parties to the lawsuit which necessitated specific relief and judgment. This petition embodied specific admissions of appellants that appellee George had sold and conveyed the whole fee simple title of certain real properties to the appellee-grantees herein. These admissions were followed by allegations that said deeds had been duly executed, acknowledged and delivered, and reference was made therein to the volume and page number of the Deed Records of Jefferson County, Texas. This petition, which was sworn to, closed with the prayer that " * * * plaintiffs pray for a declaration and judgment as to the construction of the will of the said Marcia Leta George, Deceased, and for a judicial determination of the controversy and for a removal of all the uncertainties as to the interest of the plaintiffs and the interest of these defendants in and to the property, real and personal, * * *". Attached thereto and incorporated therein was a photostat of the will in question together with the order of the county court probating the same and appointing appellee George independent executor thereof.

■ This first amended original petition of appellants, containing the admissions therein aforesaid, together with appellees' motion for summary judgment, bare of facts and other accessories though it was, presented the pure question of law to the trial court of the correct construction of the parties' will. It affirmatively appeared that there remained no material issue of fact upon which the outcome of the litigation depended. When the trial court correctly found that appellee George had the power under the will to sell and convey the fee simple title to real property, it was its duty to deny appellants any relief on their prayer to set aside such conveyances

and deny them ownership in the property. The fact that he did so by granting affirmative relief for title instead of a take nothing judgment was not improper. Forest Park Properties of Arlington, Inc. v. Padgett, Tex.Civ.App., 323 S.W.2d 320 (ref. n. r. e.).

By reason of our conclusions as to the quantum of the estate received by appellee George S. George under the will of Marcia L. George, the judgment of the trial court is accordingly reformed, and as reformed, it is affirmed.

Affirmed.