Odie **DICKERSON**, Appellant,

v.

Edith **KELLER** et vir, Appellees.

No. 8270.

Court of Civil Appeals of Texas, Texarkana.

March 11, 1975.

Rehearing Denied April 8, 1975.

John L. McCraw, Jr., McKinney, for appellant.

J. E. Abernathy, McKinney, for appellees.

CORNELIUS, Justice.

Everet and Lora Mae Dickerson owned a house and 94.29 acres of land as part of their community property. They executed a joint and mutual will which contained the following provision:

"It is our will and desire that the survivor of us, EVERET DICKERSON or LORA MAE DICKERSON, as the case may be shall with the rights and authority below given have all the rest and residue of our estate of every description, real, personal or mixed which either or both of us may own, to be used, occupied enjoyed or disposed of during the life of such survivor, as such survivor shall desire."

The will further provided that:

"Upon the death of said survivor of us we bequeath the remainder of our estate as follows: EVERET DICKERSON'S one-half of said estate to ODIE DICKERSON. LORA MAE DICKERSON'S one-half of said estate to her niece EDITH KELLER."

Everet Dickerson died on January 5, 1967, and the will was thereafter duly admitted to probate. On May 8, 1967, the survivor, Lora Mae Dickerson executed and delivered a deed to Edith Keller and

Leon Keller which purported to convey them the house and land but which reserved a life estate to Mrs. Dickerson. The consideration recited in the deed was the payment by the Kellers of "the sum of TEN ($10.00) and NO/100 DOLLARS . . . and . . . their agreement to care for me the rest of my life . . . .". Lora Mae Dickerson died on April 4, 1972. Odie Dickerson, who under the terms of the will would have received one-half of the property remaining undisposed of at Lora Mae Dickerson's death, filed suit in trespass to try title claiming that the deed from Lora Mae Dickerson to Edith and Leon Keller was invalid for various reasons and was ineffective to defeat his right to one-half of the land and house upon Lora Mae Dickerson's death. The trial was to the court and resulted in a judg-. ment which denied Odie Dickerson any recovery. He has appealed from that judgment, urging seventeen points of error. The judgment of the trial court will be affirmed.

The trial court concluded that the joint and mutual will of Everet and Lora Mae Dickerson vested the survivor with a life estate in the property with complete and unlimited power of disposition. In his first point of error, appellant contends that this conclusion was erroneous and that Lora Mae Dickerson's power to dispose of the property was limited to dispositions (1) in good faith (2) for her own use and benefit which (3) were not testamentary and (4) were not in fraud of the remainderman.

■ When called upon to determine the extent of powers of disposition in similar cases our courts have, in almost every instance, held the power to be absolute and unlimited * when words such as "with full power to dispose of" or "absolutely to dispose of . . . according to her pleasure" or "as such survivor may desire" or the like are used to create or describe the power, or where language of a conditional fee is used. See Hanna v. Ladewig, 73

Tex. 37, 11 S.W. 133 (1889) ; Lowe v. Ragland, 156 Tex. 504, 297 S.W.2d 668 (1957) ; Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823 (1945) ; Cammack v. George, 377 S.W. 2d 687 (Tex.Civ.App. Beaumont 1964, writ ref'd n.r.e.) ; Ellis v. First National Bank in Dallas, 311 S.W.2d 916 (Tex.Civ.App. Dallas 1958, writ ref'd n.r.e.) ; Johnson v. Johnson, 306 S.W.2d 780 (Tex.Civ.App. Amarillo 1957, writ ref'd) ; Odell v. Odell, 306 S.W.2d 914 (Tex.Civ.App. Fort Worth 1957, writ ref'd n.r.e.) ; Randall v. Estes, 218 S.W.2d 338 (Tex.Civ.App. Dallas 1949, writ ref'd n.r.e.) and Young v. Campbell, 175 S.W. 1100 (Tex.Civ.App. Dallas, 1915, writ ref'd) involving life estates, and Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876 (1948) ; Feegles v. Slaughter, 182 S.W. 10 (Tex.Civ.App. Dallas 1915, writ ref'd) ; Johnson v. Kirby, 193 S.W. 1074 (Tex.Civ.App.1917, writ ref'd) and Kilpatrick v. Cassel, 19 S.W.2d 805 (Tex.Civ.App. Texarkana 1929, no writ) involving conditional fees. As said in Harrell v. Hickman, supra:

" . . . the testators in language free of ambiguity have clothed the survivor with the unqualified right to convey the property during his or her lifetime and have limited the rights of the remaindermen to whatever estate remained in the survivor at his or her death, and we are not authorized to impose a limitation upon that right or by implication to grant any right to the remaindermen other than to acquire that which might remain after the death of the survivor."

In two cases there is *dicta* to the effect that a power granted to a life tenant to dispose of the fee during his life is restricted to dispositions made in good faith for the tenant's own use and benefit which are not in fraud of the remaindermen. See Murphy v. Slaton, 154 Tex. 35, 273 S.W.2d 588 (1954) and Gibony v. Hutcheson, 20 Tex.Civ.App. 581, 50 S.W. 648 (1899, no writ). A careful reading of

* In life estates the disposition may not be testamentary.

those cases leads to the conclusion that such restrictions are applicable only when the intent of the will, as gleaned from the language used and the overall plan of disposition, is that an absolute and unlimited power was not contemplated. Such a conclusion is consistent with the general rule that a power authorizing only limited or specific dispositions can be exercised only in the designated manner. See 61 Tex.Jur. 2d Wills, Sec. 243.

■ In the case at bar the survivor was given the property ". . . to be used, occupied, enjoyed or disposed of during the life of such survivor, *as such survivor shall desire.*" No qualifying or restricting words were employed, and the rights of the remaindermen were limited to the estate which remained at the death of the survivor. It appears that this broad and unqualified power is comparable to those involved in the cases cited in the first instance above, and that as said in Harrell v. Hickman, supra, we are not authorized to impose a limitation upon that right. We conclude that the trial court correctly ruled that the power of disposition in this case was complete and unlimited.

■ In point of error two appellant contends that, as to him, the conveyance from Lora Mae Dickerson to Edith and Leon Keller was fraudulent as a matter of law. The point will be overruled. In order to have been defrauded by the conveyance appellant must have had, or have been lawfully entitled to, some right or interest in the property conveyed. See Article 3996, Vernon's Tex.Rev.Civ.Stat.Ann.; LaForce v. Bracken, 141 Tex. 18, 169 S. W.2d 465 (1943), 37 Am.Jur.2d Fraudulent Conveyances, Sec. 132, p. 808. Here the life tenant's unqualified power to dispose of the property during her lifetime effectively relegated appellant to the position of a contingent remainderman having no justiciable interest in any property *except that remaining undisposed of* at the life tenant's death. Cammack v. George, supra; Randall v. Estes, supra. As the life tenant's power of disposition was unlimited, appellant's rights were wholly dependent upon the life tenant's desires, and he has no standing to complain of any disposition made in conformity with the power. Fraud is not relevant. The relevant question is whether the power of disposition was lawfully exercised. If it was not lawfully exercised, appellant may complain. If it was properly exercised, all his rights to the property were lawfully terminated and he could not have been defrauded.

■ Points three, four and five assert that the trial court erred in concluding that the deed from Lora Mae Dickerson to Edith and Leon Keller was supported by consideration. Again, as in the case respecting fraud, the question of consideration is really not relevant. If the life tenant's power of disposition was unlimited, she had the right to make dispositions as she saw fit, whether for valuable consideration or not. See Lowe v. Ragland, supra. In addition, the trial court found that there was a sufficient and valuable consideration for the deed, and from a review of the record we cannot say such finding is erroneous as a matter of law or that it is against the great weight of the evidence. It is well settled that an agreement to support and care for the grantor is a valuable consideration which will support the execution of a deed. 19 Tex.Jur.2d Deeds, Sec. 52 and cases there cited: Meyer v. Swift, 73 Tex. 367, 11 S.W. 378 (1889); Feegles v. Slaughter, supra; City of Houston v. Ritchie, 191 S.W. 362 (Tex.Civ.App. Galveston 1916, writ ref'd). Such an agreement is a covenant, the remedy for breach of which is an action to recover its value. It is not a condition subsequent giving rise to a forfeiture of the estate unless express words of condition are used. 19 Tex.Jur.2d Deeds, Sec. 52; Hearne v. Bradshaw, 305 S.W.2d 618 (Tex.Civ.App. Dallas 1957) rev'd on other grounds 158 Tex. 453, 312 S.W.2d 948 (1958). Points three, four, and five are overruled.

In point of error six, appellant urges that the conveyance to Edith and Leon Keller was testamentary and therefore invalid because it contained the words "Grantor reserves the right to live up (sic) and/or collect the rents on said property during her life and at her death this deed shall pass title in fee simple." This point is overruled. The presence of language such as that quoted does not render the deed testamentary. It only indicates that the full title and the right to possession and enjoyment thereof are postponed to a future date. The deed is testamentary only if the right to revoke or withdraw it is retained by express language or necessary implication. Worley v. Empire Gas & Fuel Co., 129 Tex. 532, 103 S.W.2d 368 (1937, opinion adopted); Turner v. Montgomery, 293 S. W. 815 (Tex.Comm'n App.1927, jdgmt adopted); Article 1296, Vernon's Tex.Rev. Civ.Stat.Ann.

Points of error seven, eight, nine and ten attack the trial court's findings that Lora Mae Dickerson executed the deed to Edith and Leon Keller in good faith and for her own use and benefit. It is contended that there is no evidence to support these findings or that they are so against the great weight and preponderance of the evidence as to be clearly wrong. These points will be overruled. As the life tenant's power of disposition was unqualified, she was not restricted to "good faith" dispositions or those for "her own use and benefit." Harrell v. Hickman, supra; Hanna v. Ladewig, supra; Lowe v. Ragland, supra. Had she been restricted to such dispositions, the questions of whether they were in good faith or for her own use and benefit were issues of fact which the trial court found adversely to appellant's contentions. From a careful review of the record we cannot say that such findings are unsupported by evidence or that they are so against the great weight and preponderance of the evidence as to be clearly wrong.

At the trial appellant offered in evidence a letter he had received from Ted Sisco. Mr. Sisco was the attorney who prepared the deed from Lora Mae Dickerson to Edith and Leon Keller. At the time of the trial Mr. Sisco was unable to testify. The letter stated:

"Mr. Odie Dickerson
RFD #2 Box 143
Irvington, Kentucky 40146
Dear Sir:

Your uncle left a will with his property to his wife to do as she please (sic) during life and on death to you.

During her life she deeded to her sister the deed to take effect on her death. (This may not be a valid sale.)

I can not represent you. Write to any lawyer that you desire. He may be able to recover the property for you.

Sincerely,
Ted Sisco"

The trial court sustained appellee's objection and refused to admit the letter into evidence. Appellant contends that the letter was admissible either (1) as an admission by Lora Mae Dickerson's agent, or (2) as tending to prove Mrs. Dickerson's state of mind and intent in executing the deed to Edith and Leon Keller, or (3) as evidence to impeach Edith Keller, who testified that "Ted Sisco advised Lora Mae Dickerson that the deed was a good deal. Said she could do it."

The letter was not admissible as an admission because Mr. Sisco was not Mrs. Dickerson's attorney when the statement was made. The deed had been drawn some five years and Mrs. Dickerson had been dead some three months when the letter was written. The relation of principal and agent must exist at the time the statement is made in order to permit its introduction as an admission. 31A C.J.S. Evidence § 347, p. 847, McAlpin v. Cassidy, 17 Tex. 449 (S.Ct.1856). Neither was the letter admissible to prove state of mind. Assuming that Lora Mae Dickerson's state of mind was relevant (appellant pleaded

that Lora Mae Dickerson did not intend to pass title by the deed) statements made *by her* or *to her* would be admissible as an exception to the hearsay rule as tending to show her state of mind and the influences brought to bear upon it. Vol. 1 Texas Practice, Evidence, McCormick & R. Ray, Sec. 796 (2 ed. p. 588). But evidence of what Mr. Sisco told *someone else* that *he thought*, would not tend to show Lora Mae Dickerson's state of mind unless it was also shown that Mr. Sisco had communicated his thoughts to Lora Mae Dickerson at a time pertinent to the transaction. Neither do we believe the letter was admissible as impeachment of Edith Keller. She testified that Mr. Sisco told Lora Mae Dickerson that the deed was good. To impeach that testimony it would be necessary to produce testimony that Mr. Sisco did not tell her that, or that he actually told her the deed was not good. It does not impeach Edith Keller's testimony to show what *Mr. Sisco personally thought* of the validity of the deed. It might be argued that, by introducing the above quoted testimony of Edith Keller, appellee opened up the issue of *Mr. Sisco's opinion of the validity of the transaction* and thereby made it relevant, but our view of Edith Keller's testimony is that she was not testifying to *Mr. Sisco's opinion as such,* but rather she was testifying to what *Mr. Sisco had told Lora Mae Dickerson,* which in turn influenced *Mrs. Dickerson's* motives and state of mind. The letter was not impeachment of that evidence. Furthermore, in view of Lora Mae Dickerson's unqualified power to dispose of the property during her lifetime and the other findings and conclusions of the trial court, it would appear that the exclusion of the letter, even if error would not have been such as to require reversal.

By points of error thirteen and fourteen the appellant contends that the trial court erred in finding that Lora Mae Dickerson intended to convey Edith and Leon Keller the fee title to the land. This was an issue of fact for the trier of fact to determine, and we find ample evidence in the record to support the trial court's findings. These points are overruled.

In point of error fifteen, appellant urges that the trial court erred in finding that the $10.00 consideration recited in the deed was paid. The record agrees with appellant's view and reflects that such was not paid, but in view of the rulings on the other points previously discussed, the error of the court in that respect does not warrant a reversal.

Points of error sixteen and seventeen contend that the execution of the deed to Edith and Leon Keller was in reality only an attempt to revoke the joint and mutual will, as there was actually no disposition of the fee. The basis of this contention is that, prior to the execution of the deed Lora Mae Dickerson had only a life estate in the property, and after she executed the deed to the Kellers she still had a life estate, and that she therefore actually received nothing and disposed of nothing by the transaction. We cannot agree. By the execution of the deed, Lora Mae Dickerson disposed of the fee, and in return received the agreement of the grantees to care for her. As far as the deed reflects, she used the fee to bargain for something she wanted and thought she needed. This was what the power of disposition given to her by her husband permitted her to do if she desired.

All of appellant's points of error are respectfully overruled. The judgment of the trial court is affirmed.